# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> ORLEANS HOMEBUILDERS, INC., et al., ) <br> ) <br> Debtors. ) <br> ) | Chapter 11 <br><br> Bankr. Case No. 10-10684 (PJW) <br><br> Jointly Administered <br> RE: D.I. 12, 61 |

## INTERIM ORDER AUTHORIZING THE DEBTORS (A) TO CONTRACT AND CLOSE ON SALES OF HOMES; (B) TO HONOR DEPOSITS AND OTHER CONTRACTUAL OBLIGATIONS; (C) TO SELL HOMES FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (D) TO ESTABLISH PROCEDURES FOR THE RESOLUTION OF LIEN AND OTHER CLAIMS; AND (E) TO USE PROCEEDS OF HOME SALES IN ACCORDANCE WITH LIEN PROCEDURES

Upon consideration of the motion (the "Motion")[1] of the above-captioned Debtors for an order authorizing the Debtors to (a) contract and close on sales of homes; (b) honor deposits and other contractual obligations as permitted by the budget approved by the DIP Lenders (as defined in the debtor-in-possession financing motion); (c) sell homes free and clear of all liens, claims, encumbrances, and other interests; (d) establish procedures for the resolution of lien and other claims; and (e) use proceeds of home sales in accordance with the lien procedures; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that good and sufficient cause exists for granting the Motion as modified in Court; and upon consideration of the Declaration of Benjamin D. Goldman in Support of First-Day Pleadings; and upon the record of these Chapter 11 cases and any hearing held to consider the Motion; and it appearing that the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

relief requested in the Motion, as modified herein, is appropriate in the context of these cases and in the best interests of the Debtors and their respective estates, their creditors, and all other parties-in-interest; and the relief requested in the Motion, as modified herein and in Court, being necessary to avoid immediate and irreparable harm as contemplated by Bankruptcy Rule 6003; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases, and it appearing that no other or further notice need be given; it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that, within five days of the date of entry of this Order, the Debtors shall serve a copy of this Order on all of the known Operational Lien Claimants and other parties that they believe should receive notice of this Order; and it is further

ORDERED that the Debtors are authorized and empowered, in their discretion and in the exercise of their business judgment, to continue to close on the sale of homes in the ordinary course pursuant to the Pre-Petition Contracts, to perform all obligations under the Pre-Petition Contracts, and to take any other reasonable actions that may be necessary to effectuate closings under the Pre-Petition Contracts; and it is further

ORDERED that the Debtors are authorized and empowered, in their discretion, to honor Deposits in accordance with the Pre-Petition Contracts or the Debtors' business judgment and past practice, regardless of whether such Deposits are held in escrow; and it is further

ORDERED that the Debtors and any intermediary financial institution participating in any post-petition home closings are authorized to transfer title and deed property, and take any other actions as may be necessary to transfer ownership to the Debtors' homebuyers; and it is further

ORDERED that, pursuant to Bankruptcy Code § 363(f), all sales of homes by the Debtors (including under the Pre-Petition Contracts) shall be free and clear of all liens, claims, interests, and encumbrances, including, without limitation, all of the Operational Liens and the Lender Liens, whether asserted or unasserted, known or unknown (collectively, "Interests"); and it is further

ORDERED that the Debtors are authorized and empowered to hold and to use the proceeds of home sales, and any intermediary financial institution or transfer agency participating in the closing of a sale of a home pursuant to this Order is authorized to transfer such proceeds to the Debtors, subject to the terms and conditions of any orders authorizing the Debtors to obtain and use post-petition financing and/or use cash collateral (the "DIP Order"); and it is further

ORDERED that, pending entry of any further order with respect to the Motion:

(a) The Debtors shall be authorized to sell homes, which sales shall be free and clear of all Interests;

(b) Holders of Interests (including holders of Prior Liens as hereinafter defined) shall not have any right or claim against the Title Insurers, the Senior Lenders, the debtor-in-possession lenders, the property sold, any owner of the property, or any subsequent purchaser with respect to the Operational Liens or any other claim that was or could be asserted, whether or not asserted or perfected;

(c) To the extent that there exists any unpaid and allowed Prior Liens (as such term is defined in the DIP Order and the Term Sheet that describes the debtor in possession financing facilities) that has attached or as of the Petition Date was eligible by law to attach, to a home that is sold after the Petition Date, the remedy of holders of any such Prior Liens shall be to obtain payment in the allowed amount of the Prior Lien from the proceeds of any sale or other dispositions of property of the estates or collateral of the Senior Lenders or the debtor-in-possession lenders, which sale or sales are outside of the ordinary course of business, unless otherwise agreed to by the Agent for the debtor-in-possession lenders;

(d) The rights of those holders of Prior Liens, if any, to receive payment in the allowed amount of such Prior Liens pursuant to subparagraph (c) above

shall be senior to the rights of the Senior Lenders and the debtor-in-possession lenders to receive payment from such pre-petition lenders' collateral that is sold outside of the ordinary course of the Debtors' business; and

(e) The rights of holders of Interests, excluding holders of Prior Liens (but including the debtor-in-possession lenders and the Senior Lenders), shall attach to the proceeds of any sale or other dispositions of property of the estates, in the same order of priority as such Interests attached to property of the estates that was sold or otherwise disposed of.

and it is further

ORDERED that filing of a copy of this Order in each county where the Debtors are selling residential units subject to this Order may be relied upon by all Title Insurers in order to issue title insurance policies on properties located within each such county; and it is further

ORDERED that the Debtors are authorized and empowered, in their discretion, to use proceeds from the sales of homes for general corporate purposes in the ordinary course of business without being required to escrow such proceeds; provided, however, that, any use of home sale proceeds shall be subject to the provisions of any applicable debtor-in-possession financing or cash collateral orders; and it is further

ORDERED that all of the Debtors' banks are authorized and directed to honor all checks issued and fund transfers requested in respect of the relief requested in the Motion, as approved by this Order, to the extent sufficient funds are on deposit, regardless of whether such checks or fund transfer requests were issued prior to or after Petition Date; and it is further

ORDERED that the Debtors are authorized and empowered, in their discretion, consistent with the terms of this Order to issue post-petition checks and/or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests related to the relief requested in the Motion and authorized under the terms of this Order that are dishonored or

rejected (notwithstanding the terms of this Order) as a consequence of the commencement of these Chapter 11 cases; and it is further

ORDERED that a final hearing on the Motion shall be held on April 6, 2010, at 3:30 p.m. (Prevailing Eastern Time), in the courtroom of the Honorable Peter J. Walsh, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801, with notice to be provided by the Debtors or their agent; and it is further

ORDERED that any party in interest objecting to the entry of a final order granting the relief requested by the Motion shall file written objections with the Clerk of the Bankruptcy Court no later than March 29, 2010 at 4:00 p.m. EST on (a) counsel for the Debtors, (i) Cahill Gordon & Reindel LLP, 80 Pine Street, New York, New York 10005 (Attn: Joel H. Levitin, Esq., Michael R. Carney, Esq., and Maya Peleg, Esq.), and (ii) Morris, Nichols, Arsht & Tunnel LLP, 1201 North Market Street, 18th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney, Esq. and Curtis Miller, Esq.); (b) counsel for the Agent, Reed Smith, LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA, 19103 (Attn: Claudia Springer, Esq. and Scott Esterbrook, Esq., (c) Wells Fargo Securities LLC, One Wachovia Center, 301 South College Street, Charlotte, NC 28288-0737 (Attn: Nathan Rantala and Darrell Perry), (d) Capstone Advisory Group, LLC, Park 80 West, 250 Pehle Avenue, Suite 105, Saddle Brook, NJ 07663 (Attn: David Galfus), and (c) Capstone Advisory Group, LLC, 311 South Wacker Drive, Suite 2350, Chicago, IL, 60606 (Attn: Don Harer); (c) counsel for the Committee; and (f) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE, 19801 (attn: David Buchbinder, Esq.).

ORDERED that the Debtors shall be authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding any applicability of Bankruptcy Rule 6004(h); and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Order.

Dated: Wilmington, Delaware
March 4, 2010

_____
UNITED STATES BANKRUPTCY JUDGE