# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ORLEANS HOMEBUILDERS, INC., *et al.*,[1] | Case No. 10-10684 (PJW) |
|  | Jointly Administered |
| Debtors. | **Re: Docket No. 232 & 263** |

## *SECOND AMENDED*[2] NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON APRIL 6, 2010 AT 3:30 PM

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Orleans Homebuilders, Inc. (4323), Brookshire Estates, L.P. (8725), Community Management Services Group, Inc. (6620), Greenwood Financial Inc. (7510), Masterpiece Homes, LLC (1971), OHB Homes, Inc. (0973), OHI Financing, Inc. (6591), OHI PA GP, LLC (2675), OPCNC, LLC (8853), Orleans Arizona Realty, LLC (9174), Orleans Arizona, Inc. (2640), Orleans at Bordentown, LLC (4968), Orleans at Cooks Bridge, LLC (4185), Orleans at Covington Manor, LLC (9891), Orleans at Crofton Chase, LLC (8809), Orleans at East Greenwich, LLC (9814), Orleans at Elk Township, LLC (6891), Orleans at Evesham, LLC (7244), Orleans at Falls, LP (2735), Orleans at Hamilton, LLC (9679), Orleans at Harrison, LLC (4155), Orleans at Hidden Creek, LLC (3301), Orleans at Jennings Mill, LLC (4693), Orleans at Lambertville, LLC (0615), Orleans at Limerick, LP (7791), Orleans at Lower Salford, LP (9523), Orleans at Lyons Gate, LLC (2857), Orleans at Mansfield LLC (1498), Orleans at Maple Glen LLC (7797), Orleans at Meadow Glen, LLC (4966), Orleans at Millstone River Preserve, LLC (8810), Orleans at Millstone, LLC (8063), Orleans at Moorestown, LLC (9250), Orleans at Tabernacle, LLC (9927), Orleans at Thornbury, L.P. (4291), Orleans at Upper Freehold, LLC (3225), Orleans at Upper Saucon, L.P. (3715), Orleans at Upper Uwchlan, LP (8394), Orleans at Wallkill, LLC (2875), Orleans at West Bradford, LP (4161), Orleans at West Vincent, LP (9557), Orleans at Westampton Woods, LLC (8095), Orleans at Windsor Square, LP (9481), Orleans at Woolwich, LLC (9215), Orleans at Wrightstown, LP (9701), Orleans Construction Corp. (0893), Orleans Corporation (8770), Orleans Corporation Of New Jersey (5325), Orleans DK, LLC (5308), Orleans RHIL, LP (1938), Parker & Lancaster Corporation (1707), Parker & Orleans Homebuilders, Inc. (5269), Parker Lancaster, Tidewater, L.L.C. (7432), Realen Homes, L.P. (8293), RHGP LLC (8197), Sharp Road Farms Inc. (1871), Stock Grange, LP (4027), and Wheatley Meadows Associates (5459).

[2] **Amended/added agenda items are noted in bold.**

**CONTINUED MATTERS:**

1.  Debtors' Motion for an Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363, 364, and 507 and Bankruptcy Rules 2002, 4001, and 9014 (i) Authorizing the Debtors (a) to Obtain Post-Petition Financing and (b) to Use Cash Collateral and (ii) Granting (a) Adequate Protection to Pre-Petition Secured Parties and (b) Related Relief (Docket No. 13, 3/2/2010).

    Response Deadline:   4/6/2010 at 4:00 p.m. (Extended from 3/29/2010).

    Responses Received:

    A.   Limited Objection to the Debtors' Motion for an Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363, 364, and 507 and Bankruptcy Rules 2002, 4001, and 9014 (i) Authorizing the Debtors (a) to Obtain Post-Petition Financing and (b) to Use Cash Collateral and (ii) Granting (a) Adequate Protection to Pre-Petition Secured Parties and (b) Related Relief (Docket No. 192, 3/29/2010).

    B.   Limited Objection of Evesham Township to the Debtors' Motion for an Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363, 364, and 507 and Bankruptcy Rules 2002, 4001, and 9014 (i) Authorizing the Debtors (a) to Obtain Post-Petition Financing and (b) to Use Cash Collateral and (ii) Granting (a) Adequate Protection to Pre-Petition Secured Parties and (b) Related Relief (Docket No. 205, 3/30/2010).

    Related Documents:

    A.   Debtors' Motion for an Order, Pursuant to Bankruptcy Code Section 107, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1(b) (a) Authorizing Debtors to File a Fee Letter Relating to the Debtors' Proposed Debtor-In-Possession Financing Under Seal and (b) Granting Certain Related Relief (Docket No. 14, 3/2/2010).

    B.   Interim Order Approving Debtors' Motion for Authority to Obtain Credit Secured by Senior Liens and with Superpriority Administrative Claim Status Pursuant to 11 U.S.C. Sections 364(c) and (d) (Docket No. 50, 3/3/2010).

    C.   Order Authorizing the Debtors to File Under Seal the Fee Letter Between the Debtors, DIP Agent, and DIP Lead Arranger (Docket No. 52, 3/3/2010).

    D.   Notice of Hearing (Docket No. 77, 3/4/2010).

    E.   Notice of Filing of Draft Debtor-In-Possession Loan Agreement, Subject to Continuing Negotiation (Docket No. 153, 3/22/2010).

F.　Re-Notice of Debtors' Motion for an Order Pursuant to Bankruptcy Code Sections 105, 361, 362, 363, 364, and 507 and Bankruptcy Rules 2002, 4001, and 9014 (i) Authorizing the Debtors (a) to Obtain Post-Petition Financing and (b) to Use Cash Collateral and (ii) Granting (a) Adequate Protection to Pre-Petition Secured Parties and (b) Related Relief (Docket No. 210, 3/30/2010).

Status: This matter has been adjourned to the hearing scheduled for 4/13/2010 at 3:00 p.m. (ET).

2.　Motion of Wm. M. Young Company, Inc. for Relief from the Automatic Stay (Docket No. 107, 3/12/2010).

Response Deadline:　4/27/2010 at 4:00 p.m. (Extended from 3/29/2010).

Responses Received:　None.

Related Documents:　None.

Status: This matter has been adjourned to the hearing scheduled for 5/4/2010 at 10:30 a.m. (ET).

**UNCONTESTED MATTERS:**

3.　Debtors' Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 20, 3/2/2010).

Response Deadline:　3/29/2010 at 4:00 p.m.

Responses Received:　None.

Related Documents:

A.　Notice of Hearing (Docket No. 79, 3/4/2010).

B.　Certificate of No Objection (Docket No. 223, 3/31/2010).

C.　Corrected Certificate of No Objection (Docket No. 234, 4/1/2010).

Status: As a Certificate of No Objection has been filed, no hearing is necessary unless required by the Court.

4.　Debtors' Motion for Order Authorizing Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of Business (Docket No. 21, 3/2/2010).

Response Deadline:　3/29/2010 at 4:00 p.m.

<u>Responses Received:</u> None.

<u>Related Documents:</u>

A.      Notice of Hearing (Docket No. 79, 3/4/2010).

B.      Certificate of No Objection (Docket No. 224, 3/31/2010).

**C.      Corrected Proposed Order Authorizing Debtors to Employ and Compensate Certain Professionals Utilized in the Ordinary Course of Business (Docket No. 272, 4/5/2010).**

<u>Status:</u> As a Certificate of No Objection has been filed, no hearing is necessary unless required by the Court.

5.      Debtors' Motion for Order Extending Time to File Schedules and Statements (Docket No. 92, 3/10/2010).

<u>Response Deadline:</u>   3/29/2010 at 4:00 p.m.

<u>Responses Received:</u> None.

<u>Related Documents:</u>

A.      Certificate of No Objection (Docket No. 225, 3/31/2010).

<u>Status:</u> As a Certificate of No Objection has been filed, no hearing is necessary unless required by the Court.

6.      Motion of Metro Stone & Granite, Inc., Pursuant to 11 U.S.C. Section 362(d), for Relief from the Automatic Stay (Docket No. 142, 3/19/2010).

<u>Response Deadline:</u>   3/31/2010 at 4:00 p.m.

<u>Responses Received:</u> None.

<u>Related Documents:</u>

A.      Certification of Counsel Regarding Motion of Metro Stone & Granite, Inc., Pursuant to 11 U.S.C. Section 362(d), for Relief from the Automatic Stay (Docket No. 227, 3/31/2010).

<u>Status:</u> As a Certification of Counsel has been filed with an agreed Order, no hearing is necessary unless required by the Court.

7. Debtors' Motion for Order Authorizing Community Management Services Group, Inc., to Pay Obligations of Certain Homeowner Associations (Docket No. 144, 3/19/2010).

Response Deadline: 3/29/2010 at 4:00 p.m.

Responses Received: None.

Related Documents:

A. Certificate of No Objection (Docket No. 226, 3/31/2010).

Status: As a Certificate of No Objection has been filed, no hearing is necessary unless required by the Court.

## CONTESTED MATTERS:

8. Debtors' Motion for Orders Authorizing and Approving the (i) Maintenance and Continued Use of Existing Cash Management System, Including Existing Bank Accounts, (ii) Continued Use of Business Forms, and (iii) Temporary Waiver of Investment and Deposit Requirements (Docket No. 5, 3/1/2010).

Response Deadline: 3/29/2010 at 4:00 p.m. (Extended for Wachovia Bank, N.A. as the Agent (the "Agent") to 3/31/2010 at 4:00 p.m. Extended for the Official Committee of Unsecured Creditors appointed in theses cases (the "Committee") to 4/1/2010 at 4:00 p.m.).

Responses Received: **Informal comments were received from the Agent and the Committee.**

Related Documents:

A. Interim Order Authorizing and Approving the (i) Maintenance and Continued Use of Existing Cash Management System, Including Existing Bank Accounts, (ii) Continued Use of Business Forms, and (iii) Temporary Waiver of Investment and Deposit Requirements (Docket No. 42, 3/3/2010).

B. Notice of Hearing (Docket No. 70, 3/4/2010).

C. Notice of Filing of Amended Exhibit A to Debtors' Motion for Orders Authorizing and Approving the (i) Maintenance and Continued Use of Existing Cash Management System, Including Existing Bank Accounts, (ii) Continued Use of Business Forms, and (iii) Temporary Waiver of Investment and Deposit Requirements (Docket No. 145, 3/19/2010).

D.   Notice of Filing of Revised Proposed Final Order Authorizing and Approving the (i) Maintenance and Continued Use of Existing Cash Management System, Including Existing Bank Accounts and (ii) Continued Use of Business Forms (Docket No. 257, 4/4/2010).

Status: **As the Agent and the Committee have approved the proposed final order (Docket No. 257), no hearing is necessary unless required by the Court.**

9.   Debtors' Motion for Entry of Orders Authorizing Debtors to Pay Pre-Petition Obligations to Certain Critical Vendors (Docket No. 6, 3/1/2010).

Response Deadline:   3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 3/31/2010 at 4:00 p.m.).

Responses Received:  None.

Related Documents:

A.   Interim Order Authorizing Debtors to Pay Pre-Petition Obligations to Certain Critical Vendors (Docket No. 43, 3/3/2010).

B.   Notice of Hearing (Docket No. 71, 3/4/2010).

C.   Certification of Counsel Regarding Debtors' Motion for Entry of Orders Authorizing Debtors to Pay Pre-Petition Obligations to Certain Critical Vendors (Docket No. 252, 4/2/2010).

Status: As a Certification of Counsel has been filed with an agreed Order, no   hearing is necessary unless required by the Court.

10.  Debtors' Motion Pursuant to Bankruptcy Code Sections 105(a), 363(b) and 507(a) for Authority to Pay Pre-Petition Employee Compensation, Benefits, Reimbursable Business Expenses, and Other Obligations and Related Administrative Costs (Docket No. 8, 3/2/2010).

Response Deadline:   3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

Responses Received:

A.   Objection of Official Committee of Unsecured Creditors to Debtors' Motion Pursuant to Bankruptcy Code Sections 105(a), 363(b), and 507(a) for Authority to Pay Pre-Petition Employee Compensation, Benefits, Reimbursable Business Expenses, and Other Obligations and Related Administrative Costs (Docket No. 240, 4/1/2010).

Related Documents:

A.  Interim Order Pursuant to Bankruptcy Code Sections 105(a), 363(b), and 507(a) Granting Authority to Pay Pre-Petition Employee Compensation, Benefits, Reimbursable Business Expenses, and Other Obligations and Related Administrative Costs (Docket No. 45, 3/3/2010).

B.  Notice of Hearing (Docket No. 72, 3/4/2010).

C.  Notice of Filing of Revised Proposed Final Order Pursuant to Bankruptcy Code Sections 105(a), 363(b), and 507(a) Granting Authority to Pay Pre-Petition Employee Compensation, Benefits, Reimbursable Business Expenses, and Other Obligations and Related Administrative Costs (Docket No. 258, 4/4/2010).

Status: This matter will go forward.

11.  Debtors' Motion for Order Authorizing, But Not Directing, the Debtors to Honor and to Maintain (a) the Mortgage Plus Program and (b) the Home Warranty Programs (Docket No. 9, 3/2/2010).

Response Deadline:  3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 3/31/2010 at 4:00 p.m.).

Responses Received:  None.

Related Documents:

A.  Order (With Revisions by Court) Authorizing, But Not Directing, the Debtors to Honor and to Maintain (a) the Mortgage Plus Program and (b) the Home Warranty Programs (Docket No. 46, 3/3/2010).

B.  Notice of Hearing (Docket No. 73, 3/4/2010).

C.  Certification of Counsel Regarding Debtors' Motion for Order Authorizing, But Not Directing, the Debtors' to Honor and to Maintain (a) the Mortgage Plus Program and (b) the Home Warranty Programs (Docket No. 249, 4/2/2010).

Status: As a Certification of Counsel has been filed with an agreed Order, no hearing is necessary unless required by the Court.

12.  Debtors' Motion for Interim and Final Orders Authorizing the Maintenance and Renewal of Surety Bonds, the Payment of Surety Bond Premiums, and Preventing the Sureties from Giving Any Notice of Termination or Otherwise Modifying or Canceling Any Surety Bonds (Docket No. 10, 3/2/2010).

<u>Response Deadline:</u>   3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 3/31/2010 at 4:00 p.m.).

<u>Responses Received:</u>

A.   Objection of Liberty Mutual Insurance Company to Debtors' Motion for Interim and Final Orders Authorizing the Maintenance and Renewal of Surety Bonds, the Payment of Surety Bond Premiums, and Preventing the Sureties from Giving Any Notice of Termination or Otherwise Modifying or Canceling Any Surety Bonds (Docket No. 131, 3/17/2010).

B.   Travelers Casualty and Surety Company of America's Limited Objection to Debtors' Motion for Interim and Final Orders Authorizing the Maintenance and Renewal of Surety Bonds, the Payment of Surety Bond Premiums, and Preventing the Sureties from Giving Any Notice of Termination or Otherwise Modifying or Canceling Any Surety Bonds (Docket No. 199, 3/29/2010).

<u>Related Documents:</u>

A.   Interim Order Authorizing the Maintenance and Renewal of Surety Bonds, the Payment of Surety Bond Premiums, and Preventing the Sureties From Giving Any Notice of Termination or Otherwise Modifying or  Canceling Any Surety Bonds (Docket No. 47, 3/3/2010).

B.   Notice of Hearing (Docket No. 74, 3/4/2010).

C.   Debtors' Omnibus Reply to Objections of Certain Sureties to Debtors' Motion for Interim and Final Orders Authorizing the Maintenance and Renewal of Surety Bonds, the Payment of Surety Bond Premiums, and Preventing the Sureties from Giving Any Notice of Terminating or Otherwise Modifying or Canceling Any Surety Bonds (Docket No. 228, 3/31/2010).

<u>Status:</u>  This matter will go forward.

13.   Debtors' Motion for Orders Authorizing Payment of Their Obligations to Homeowner Associations, Condominium Associations, and Other Community Organizations (Docket No. 11, 3/2/2010).

<u>Response Deadline:</u>   3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 3/31/2010 at 4:00 p.m.).

<u>Responses Received:</u>  None.

A.      Interim Order Authorizing Payment of Their Obligations to Homeowner Associations, Condominium Associations, and Other Community Organizations (Docket No. 48, 3/3/2010).

B.      Notice of Hearing (Docket No. 75, 3/4/2010).

C.      Certification of Counsel Regarding Debtors' Motion for Orders Authorizing Payment of Their Obligations to Homeowner Associations, Condominium Associations, and Other Community Organizations (Docket No. 251, 4/2/2010).

Status: As a Certification of Counsel has been filed with an agreed Order, no   hearing is necessary unless required by the Court.

14.      Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 12, 3/2/2010).

Response Deadline:     3/29/2010 at 4:00 p.m. (Extended for the Committee, one of the Debtors' title insurers, and certain vendors to 3/31/2010 at 4:00 p.m. Extended for the Agent to 4/1/2010 at 4:00 p.m.).

Responses Received:

A.      Limited Objection of Liberty Mutual Insurance Company to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 193, 3/29/2010).

B.      Limited Objection to the Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 194, 3/29/2010).

C.  Carolina Sunrock LLC's Objection to Interim Order Authorizing the Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with the Lien Procedures (Docket No. 195, 3/29/2010).

D.  Objection of Brubacher Excavating, Inc. to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 196, 3/29/2010).

E.  Lakeland Building Supply, Inc.'s Limited Objection to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 198, 3/29/2010).

F.  Limited Objection of Evesham Township to the Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 206, 3/30/2010).

G.  Limited Objection of Monroe Township Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 219, 3/31/2010).

H.  Limited Objection of Yorktowne, Inc., Mastercraft Cabinets, Inc. and Elkay Virginia Decorative Surfaces to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 220, 3/31/2010).

I. Objection of 84 Lumber Company to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 221, 3/31/2010).

J. Limited Objection to Interim Order Authorizing the Debtors (a) to Contract and Close on Sales of Homes; (b) to Honor Deposits and Other Contractual Obligations; (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (d) to Establish Procedures for the Resolution of Lien and Other Claims; and (e) to Use Proceeds of Home Sales in Accordance with the Lien Procedures (Docket No. 222, 3/31/2010).

K. Objection to Entry as a Final Order of the Interim Order Authorizing the Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 231, 4/1/2010).

L. Artistic Southern Inc.'s Limited Objection to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 242, 4/2/2010).

M. **Notice of Withdrawal of Limited Objection of Evesham Township to the Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 266, 4/5/2010).**

Related Documents:

A. Certification of Counsel Regarding Order Authorizing the Debtors (a) to Contract and Close on Sales of Homes; (b) to Honor Deposits and Other Contractual Obligations; (c) to Sell Homes Free and Clear of All Liens, Claims, and Other Interests; (d) to Establish Procedures for the Resolution of Lien and Other Claims; and (e) to Use Proceeds of Home Sales in Accordance with the Lien Procedures (Docket No. 61, 3/4/2010).

B. Interim Order Authorizing the Debtors (a) to Contract and Close on Sales of Homes; (b) to Honor Deposits and Other Contractual Obligations; (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (d) to Establish Procedures for the Resolution of Lien and Other Claims; and (e) to Use Proceeds of Home Sales in Accordance with the Lien Procedures (Docket No. 69, 3/4/2010).

C. Notice of Hearing (Docket No. 76, 3/4/2010).

D. Debtors' Omnibus Reply to Objections to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 229, 4/1/2010).

E. Debtors' Supplemental Omnibus Reply to Objections to Debtors' Motion for Order Authorizing Debtors (a) to Contract and Close on Sales of Homes, (b) to Honor Deposits and Other Contractual Obligations, (c) to Sell Homes Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (d) to Establish Procedures for the Resolution of Lien and Other Claims, and (e) to Use Proceeds of Home Sales in Accordance with Lien Procedures (Docket No. 248, 4/2/2010).

Status: This matter will go forward.

15. Debtors' Motion for Order (i) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, (ii) Deeming Utility Companies Adequately Assured of Payment and (iii) Establishing Procedures for Determining Adequate Assurance of Payment (Docket No. 15, 3/2/2010).

Response Deadline: 3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 3/31/2010 at 4:00 p.m.).

Responses Received:

A. Objection of Certain Utility Companies to the Debtors' Motion for Order (i) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, (ii) Deeming Utility Companies Adequately Assured of Payment, and (iii) Establishing Procedures for Determining Adequate Assurance of Payment (Docket No. 156, 3/23/2010).

B. Joinder of Jersey Central Power & Light Company to the Objection of Certain Utility Companies from Altering, Refusing, or Discontinuing Service, and (iii) Deeming Utility Companies Adequately Assured of Payment, and (iii) Establishing Procedures for Determining Adequate Assurance of Payment (Docket No. 159, 3/23/2010).

C.  Notice of Withdrawal of Joinder of Jersey Central Power & Light Company to the Objection of Certain Utility Companies from Altering, Refusing, or Discontinuing Service, (ii) Deeming Utility Companies Adequately Assured of Payment, and (iii) Establishing Procedures for Determining Adequate Assurance of Payment (Docket No. 209, 3/30/2010).

D.  Notice of Withdrawal of Objection of Certain Utility Companies to the Debtors' Motion for Order (i) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, (ii) Deeming Utility Companies Adequately Assured of Payment, and (iii) Establishing Procedures for Determining Adequate Assurance of Payment (Docket No. 211, 3/31/2010).

**E.  Informal comments by the United States Trustee.**

Related Documents:

A.  Interim Order (i) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, (ii) Deeming Utility Companies Adequately Assured of Payment, and (iii) Establishing Procedures for Determining Adequate Assurance of Payment (Docket No. 54, 3/3/2010).

B.  Notice of Hearing (Docket No. 78, 3/4/2010).

C.  Certification of Counsel Regarding Debtors' Motion for Order (i) Prohibiting Utility Companies From Altering, Refusing, or Discontinuing Service, (ii) Deeming Utility Companies Adequately Assured of Payment and (iii) Establishing Procedures for Determining Adequate Assurance of Payment (Docket No. 255, 4/2/2010).

Status: **The Trustee has requested a revision to the proposed order. The revised proposed order will be provided at the hearing.**

16.  Debtors' Application for Authority to Employ and to Retain Cahill Gordon & Reindel LLP *Nunc Pro Tunc* to the Petition Date (Docket No. 16, 3/2/2010).

Response Deadline:  3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

Responses Received:

A.  Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Retention of Professionals Holding or Seeking Retainers (Docket No. 238, 4/1/2010).

Related Documents:

A.    Notice of Hearing (Docket No. 79, 3/4/2010).

B.    Notice of Filing of Revised Proposed Final Order Approving Debtors' Application for Authority to Employ and to Retain Cahill Gordon & Reindel LLP *Nunc Pro Tunc* to the Petition Date (Docket No. 254, 4/2/2010).

Status: This matter will go forward.

17.    Debtors' Application to Employ and to Retain FTI Consulting, Inc., *Nunc Pro Tunc* to the Petition Date (Docket No. 17, 3/2/2010).

    Response Deadline:    3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

    Responses Received:

A.    Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Retention of Professionals Holding or Seeking Retainers (Docket No. 238, 4/1/2010).

    Related Documents:

A.    Notice of Hearing (Docket No. 79, 3/4/2010).

B.    Debtors' Supplement to Application to Employ and to Retain FTI Consulting, Inc., *Nunc Pro Tunc* to the Petition Date (Docket No. 147, 3/19/2010).

C.    Supplement to Affidavit of William Nolan (Docket No. 244, 4/2/2010).

Status: This matter will go forward.

18.    Debtors' Application to Employ and to Retain BMO Capital Markets Corp. as M & A Advisor, *Nunc Pro Tunc* to the Petition Date (Docket No. 18, 3/2/2010).

    Response Deadline:    3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

    Responses Received:

A.    Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Retention of Professionals Holding or Seeking Retainers (Docket No. 238, 4/1/2010).

B.   Objection of the Official Committee of Unsecured Creditors to Debtors' Applications for Orders Authorizing the Retention and Employment of BMO Capital Markets Corp. and Lieutenant Island Partners LLC as Advisors for the Debtors (Docket No. 239, 4/1/2010).

Related Documents:

A.   Notice of Hearing (Docket No. 79, 3/4/2010).

**B.   Supplemental Affidavit of Scott W. Humphrey (Docket No. 270, 4/5/2010).**

Status: This matter will go forward.

19.   Debtors' Application to Employ and Retain Lieutenant Island Partners LLC as Consultant and Financial Advisor *Nunc Pro Tunc* to the Petition Date (Docket No. 19, 3/2/2010).

Response Deadline:   3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

Responses Received:

A.   Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Retention of Professionals Holding or Seeking Retainers (Docket No. 238, 4/1/2010).

B.   Objection of the Official Committee of Unsecured Creditors to Debtors' Applications for Orders Authorizing the Retention and Employment of BMO Capital Markets Corp. and Lieutenant Island Partners LLC as Advisors for the Debtors (Docket No. 239, 4/1/2010).

Related Documents:

A.   Notice of Hearing (Docket No. 79, 3/4/2010).

Status: This matter will go forward.

20.   Debtors' Motion for Entry of Order Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to Bankruptcy Code Section 503(b)(9) (Docket No. 22, 3/2/2010).

Response Deadline:   3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 3/31/2010 at 4:00 p.m.).

<u>Responses Received:</u>

A.     Limited Objection of Wachovia Bank, N.A., as Agent, to Debtors' Motion for Entry of Order Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to Bankruptcy Code Section 503(b)(9) (Docket No. 200, 3/30/2010).

<u>Related Documents:</u>

A.     Notice of Hearing (Docket No. 79, 3/4/2010).

B.     Certification of Counsel Regarding Debtors' Motion for Entry of Order Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to Bankruptcy Code Section 503(b)(9) (Docket No. 250, 4/2/2010).

**C.     Amended Certification of Counsel Regarding Debtors' Motion for Entry of Order Establishing Procedures for the Assertion, Resolution, and Satisfaction of Claims Asserted Pursuant to Bankruptcy Code Section 503(b)(9) (Docket No. 271, 4/5/2010).**

<u>Status:</u> **As an Amended Certification of Counsel has been filed with an agreed Order, no hearing is necessary unless required by the Court.**

21.     Application of Debtors and Debtors-In-Possession for Authorization to Retain Elliott Greenleaf as Local Delaware and Conflicts Counsel to the Debtors *Nunc Pro Tunc* to March 1, 2010 (Docket No. 86, 3/9/2010).

<u>Response Deadline:</u>     3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

<u>Responses Received:</u>

A.     Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Retention of Professionals Holding or Seeking Retainers (Docket No. 238, 4/1/2010).

<u>Related Documents:</u>

A.     Certification of Counsel Regarding Application of Debtors and Debtors-In-Possession for Authorization to Retain Elliott Greenleaf as Local Delaware and Conflicts Counsel to the Debtors *Nunc Pro Tunc* to March 1, 2010 (Docket No. 259, 4/4/2010).

<u>Status:</u> As a Certification of Counsel has been filed with an agreed Order, no   hearing is necessary unless required by the Court.

22. Debtors' Emergency Motion for Order Authorizing Entry into Engagement Letter Agreement with PMCM, LLC, and Retention of Chief Restructuring Officer (Docket No. 93, 3/10/2010).

   Response Deadline: 3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

   Responses Received:

   A. Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Retention of Professionals Holding or Seeking Retainers (Docket No. 238, 4/1/2010).

   Related Documents:

   A. Debtors' Motion Requesting (a) Scheduling of Expedited Hearing on Debtors' Emergency Motion for Order Authorizing Entry into Engagement Letter Agreement with PMCM, LLC, and Retention of Chief Restructuring Officer and (b) Shortening of Notice Period (Docket No. 97, 3/11/2010).

   B. Objection of the United States Trustee to Debtors' Motion Requesting (a) Scheduling of Expedited Hearing on Debtors' Emergency Motion for Order Authorizing Entry into Engagement Letter Agreement with PMCM, LLC, and Retention of Chief Restructuring Officer and (b) Shortening of Notice Period (Docket No. 102, 3/12/2010).

   C. Notice of Withdrawal of Debtors' Motion Requesting (a) Scheduling of Expedited Hearing on Debtors' Emergency Motion for Order Authorizing Entry into Engagement Letter Agreement with PMCM, LLC, and Retention of Chief Restructuring Officer and (b) Shortening of Notice Period (Docket No. 103, 3/12/2010).

   D. Supplement to Declaration of Mitchell B. Arden (Docket No. 246, 4/2/2010).

   E. Notice of Filing of Revised Proposed Final Order Authorizing Entry Into Engagement Letter Agreement with PMCM, LLC, and Retention of Chief Restructuring Officer (Docket No. 256, 4/3/2010).

   Status: This matter will go forward.

23. Debtors' Application for an Order Authorizing Debtors to Retain Blank Rome LLP as Special Corporate Counsel Effective as of March 1, 2010 (Docket No. 98, 3/11/2010).

   Response Deadline: 3/29/2010 at 4:00 p.m. (Extended for the Committee and the Agent to 4/1/2010 at 4:00 p.m.).

A. Statement of the Official Committee of Unsecured Creditors Regarding the Debtors' Retention of Professionals Holding or Seeking Retainers (Docket No. 238, 4/1/2010).

Related Documents:

A. Supplemental Verified Statement of Michael E. Plunkett in Support of the Application of Orleans Homebuilders, Inc. and Affiliated Debtors for an Order Pursuant to 11 U.S.C. Section 327(e) and Fed. R. Bankr. P. 2014 Authorizing the Debtors to Retain Blank Rome LLP as Special Corporate Counsel Effective as of March 1, 2010 (Docket No. 245, 4/2/2010).

B. Notice of Filing of Revised Proposed Final Order Approving Debtors' Application for an Order Authorizing Debtors to Retain Blank Rome LLP as Special Corporate Counsel Effective as of March 1, 2010 (Docket No. 253, 4/2/2010).

Status: This matter will go forward.

24. Motion of Mona F. Mustafa for Relief from Stay Under Section 362 of the Bankruptcy Code (Docket No. 123, 3/15/2010).

Response Deadline: 3/30/2010 at 4:00 p.m.

Responses Received:

A. Debtors' Objection to Motion of Mona F. Mustafa for Relief from Stay Under Section 362 of the Bankruptcy Code (Docket No. 197, 3/29/2010).

B. Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Mona F. Mustafa for Relief from Stay Under Section 362 of the Bankruptcy Code (Docket No. 213, 3/31/2010).

Related Documents: None.

Status: This matter will go forward.

25. Emergency Motion of Mona F. Mustafa for Appointment of a Chapter 11 Trustee, Pursuant to 11 U.S.C. Under U.S.C. Section 1104(a)(1) or (2), or in the Alternative, to Appoint an Examiner, Pursuant to 11 U.S.C. Section 1104(c)(1) or (2) (Docket No. 188, 3/26/2010).

Response Deadline:   N/A[*]

Responses Received:

A.   Debtors' Objection to Motion of Mona F. Mustafa for Appointment of a Chapter 11 Trustee, Pursuant to 11 U.S.C. Under U.S.C. Section 1104(a)(1) or (2), or in the Alternative, to Appoint an Examiner Pursuant to 11 U.S.C. Section 1104(c)(1) or (2) (Docket No. 247, 4/2/2010).

**B.   Joinder of the Official Committee of Unsecured Creditors to Debtors' Objection to Motion of Mona F. Mustafa for Appointment of a Chapter 11 Trustee, Pursuant to 11 U.S.C. Under U.S.C. Section 1104(a)(1) or (2), or in the Alternative, to Appoint an Examiner Pursuant to 11 U.S.C. Section 1104(c)(1) or (2) (Docket No. 264, 4/5/2010).**

Related Documents:

A.   Certification of Necessity for Emergency Motion for Appointment of a Chapter 11 Trustee, or in the Alternative, to Appoint an Examiner (Docket No. 186, 3/26/2010).

B.   Notice of Emergency Motion of Mona F. Mustafa for Appointment of a Chapter 11 Trustee, Pursuant to 11 U.S.C. Under U.S.C. Section 1104(a)(1) or (2), or in the Alternative, to Appoint an Examiner, Pursuant to 11 U.S.C. Section 1104(c)(1) or (2) (Docket No. 189, 3/26/2010).[**]

Status: The Debtors believe that this Motion is procedurally deficient and are preparing a response to be filed prior to the hearing. **Chambers has confirmed that no hearing is set in this matter at 10:30 a.m.**

Dated:  April 5, 2010          **ELLIOTT GREENLEAF**
Wilmington, Delaware

_____
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Mark A. Kearney (DE Bar No. 2601)
Neil R. Lapinski (DE Bar No. 3645)
Shelley A. Kinsella (DE Bar No. 4023)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801

_____

[*]      Please see status.

[**]     The Notice incorrectly indicates that the hearing is scheduled for 10:30 a.m. **Chambers has confirmed that no hearing is set in this matter at 10:30 a.m.**

Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: mak@elliottgreenleaf.com
Email: nrl@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com

- and -

CAHILL GORDON & REINDEL LLP
Joel H. Levitin
Michael R. Carney
Maya Peleg
Eighty Pine Street
New York, New York, 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
Email: jlevitin@cahill.com
Email: mcarney@cahill.com
Email: mpeleg@cahill.com

*Proposed Attorneys for the*
*Debtors and Debtors-in-Possession*