# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ORLEANS HOMEBUILDERS, INC., *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 10-10684 (PJW) <br><br> Jointly Administered <br><br> **Obj. Deadline: April 27, 2010 at 4:00 p.m.** <br> **Hearing Date: May 4, 2010 at 10:30 a.m.** |

## MOTION OF DEBTORS PURSUANT TO BANKRUPTCY CODE §§ 105 AND 363 FOR ORDER APPROVING PROCEDURES FOR THE SALE OF CERTAIN DE MINIMIS ASSETS

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Orleans Homebuilders, Inc. (4323), Brookshire Estates, L.P. (8725), Community Management Services Group, Inc. (6620), Greenwood Financial Inc. (7510), Masterpiece Homes, LLC (1971), OHB Homes, Inc. (0973), OHI Financing, Inc. (6591), OHI PA GP, LLC (2675), OPCNC, LLC (8853), Orleans Arizona Realty, LLC (9174), Orleans Arizona, Inc. (2640), Orleans at Bordentown, LLC (4968), Orleans at Cooks Bridge, LLC (4185), Orleans at Covington Manor, LLC (9891), Orleans at Crofton Chase, LLC (8809), Orleans at East Greenwich, LLC (9814), Orleans at Elk Township, LLC (6891), Orleans at Evesham, LLC (7244), Orleans at Falls, LP (2735), Orleans at Hamilton, LLC (9679), Orleans at Harrison, LLC (4155), Orleans at Hidden Creek, LLC (3301), Orleans at Jennings Mill, LLC (4693), Orleans at Lambertville, LLC (0615), Orleans at Limerick, LP (7791), Orleans at Lower Salford, LP (9523), Orleans at Lyons Gate, LLC (2857), Orleans at Mansfield LLC (1498), Orleans at Maple Glen LLC (7797), Orleans at Meadow Glen, LLC (4966), Orleans at Millstone River Preserve, LLC (8810), Orleans at Millstone, LLC (8063), Orleans at Moorestown, LLC (9250), Orleans at Tabernacle, LLC (9927), Orleans at Thornbury, L.P. (4291), Orleans at Upper Freehold, LLC (3225), Orleans at Upper Saucon, L.P. (3715), Orleans at Upper Uwchlan, LP (8394), Orleans at Wallkill, LLC (2875), Orleans at West Bradford, LP (4161), Orleans at West Vincent, LP (9557), Orleans at Westampton Woods, LLC (8095), Orleans at Windsor Square, LP (9481), Orleans at Woolwich, LLC (9215), Orleans at Wrightstown, LP (9701), Orleans Construction Corp. (0893), Orleans Corporation (8770), Orleans Corporation Of New Jersey (5325), Orleans DK, LLC (5308), Orleans RHIL, LP (1938), Parker & Lancaster Corporation (1707), Parker & Orleans Homebuilders, Inc. (5269), Parker Lancaster, Tidewater, L.L.C. (7432), Realen Homes, L.P. (8293), RHGP LLC (8197), Sharp Road Farms Inc. (1871), Stock Grange, LP (4027), and Wheatley Meadows Associates (5459).

The above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), hereby file this motion (the "Motion") for an order, pursuant to Bankruptcy Code Sections 105 and 363 authorizing the sale of certain *de minimis* assets. In support of the relief requested in this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION

2. On March 1, 2010 (the "Petition Date"), each of the Debtors filed with this Court separate, voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, and on March 3, 2010, this Court entered an order approving the joint administration of these cases.

3. The Debtors continue to manage their properties and operate their business as debtors-in-possession pursuant to Bankruptcy Code Section 1107 and 1108. No trustee or examiner has been appointed in these cases.

4. On March 11, 2010, the Office of the United States Trustee appointed the members of the Official Committee of Unsecured Creditors in these cases (the "Committee")

5. The Debtors[2] build, develop, market, and sell single-family homes, townhouses, and condominiums to various segments of the homebuyer market. The Debtors also

---

[2] For more information on the Debtors, please review the Debtors' public filings with the Securities and Exchange Commission and the Bankruptcy Court, accessible at http://www.sec.gov, http://www.orleanshomes.com, and http://www.orleanshomesreorg.com.

regularly purchase land and finished lots for development, improve land to be ready for home construction, obtain land entitlements, and invest in joint venture projects with other homebuilders.

6. The Debtors have developments or projects in the following regions: (a) the Northern Region (including southeastern Pennsylvania, central and southern New Jersey, and Orange County, New York); (b) the Southern Region (including Charlotte, Raleigh, and Greensboro, North Carolina, including adjacent counties in South Carolina, and Richmond and Tidewater, Virginia); (c) the Midwestern Region (including Chicago, Illinois); and (d) the Florida Region (including Orlando, Florida).

7. Most of the Debtors' projects are "master-planned" residential communities where the Debtors purchase plots of land, obtain the necessary approvals, build several model homes and "spec" (constructed but unsold) homes, and then build additional "backlog" homes upon entering into sales contracts with homebuyers. The Debtors typically act as a general contractor and employ subcontractors to construct homes and install site improvements.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek authority, pursuant to Bankruptcy Code Sections 105(a) and 363, to sell property that is of *de minimis* value in the context of these cases free and clear of liens, claims, and encumbrances, without further Court approval, on a case-by-case basis, and subject to the proposed procedures set forth below.

## THE PROPOSED SALE PROCEDURES

9. In the ordinary course of their business, the Debtors have accumulated certain miscellaneous assets, including, but not limited to, office supplies, office furniture, tools,

and other items with little more than salvage value that are no longer used in, or are no longer necessary for, the operation of the Debtors' business.

10. To avoid the unnecessary costs and delays associated with obtaining Court authorization for each proposed sale of property of relatively *de minimis* value, the Debtors propose the implementation of the following procedures (the "Sale Procedures") for the sale of property or interests in property having a net cash sale price of not more than $25,000:

(i) The Debtors would file and provide a notice ("Sale Notice") via e-mail, facsimile, or overnight delivery of each such proposed sale to (i) Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (ii) counsel to the Committee, (iii) Wachovia Bank N.A. ("Wachovia"), as the agent, (iv) counsel to Wachovia, and (v) any party claiming an interest in the property to be sold (the "Notice Parties"). Each Sale Notice would specify, among other things, the assets to be sold and the proposed sale price.

(ii) No notice would be provided for asset sales with a purchase price that is less than $5,000; provided, however, that the Debtors would furnish a monthly schedule of all such assets sold to the US Trustee, counsel to Wachovia, and counsel to the Committee.

(iii) The Notice Parties would have 5 days from the date on which the Sale Notice is filed to serve an objection to the proposed transaction upon counsel for the Debtors, Cahill Gordon & Reindel LLP, 80 Pine Street, New York, New York 10005 (Attn: Joel H. Levitin, Michael R. Carney, and Maya Peleg) and Elliott Greenleaf, 1105 Market Street, Suite 1700, Wilmington, DE 19801 (Attn: Rafael X. Zahralddin). If no written objection is received by counsel to the Debtors prior to the expiration of such 5-day period, the Debtors would be authorized to consummate the proposed sale transaction and take such actions as are reasonable or necessary to close the transaction and obtain the sale proceeds.

(iv) If any Notice Party serves an objection to the Sale Notice upon counsel to the Debtors within the 5-day period as set forth above, the Debtors and the objecting Notice Party would use good-faith efforts to resolve the objection. If the Debtors and the objecting Notice Party are unable to achieve a consensual resolution, the Debtors would not proceed with the proposed sale transaction pursuant to these procedures, but would be permitted to seek Court approval of the proposed transaction upon expedited notice and an opportunity for a hearing, subject to the Court's availability.

(v) Nothing in the foregoing procedures would prevent the Debtors, in their sole discretion, from seeking the approval of this Court at any time of any proposed transaction upon notice and a hearing.

## BASIS FOR RELIEF

*The Assets Should be Sold Pursuant to 363(b)(1)*

11. Bankruptcy Code Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." In determining whether to authorize the sale of property outside the ordinary course of business, courts require a debtor "to show that a sound business purpose justifies such actions." *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999). *See also In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 178 (D. Del. 1991) (affirming decision permitting debtor to sell assets where sound business reasons supported the sale). When a sound business purpose exists, and the sale is made in good faith, a sale pursuant to Section 363(b)(1) of the Bankruptcy Code should be approved. *See In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 150-51 (3d Cir. 1986) (noting that when a court authorizes a sale of assets pursuant to Section 363(b)(1), it is required to consider the "good faith" of the purchaser).

12. The Debtors submit that the sale of property in accordance with the procedures set forth herein provides the most efficient and cost-effective means of maximizing value, is an exercise of sound business judgment, and is in the best interests of the Debtors' respective estates, their creditors, and other parties-in-interest.

13. Specifically, obtaining Court approval for each such sale transaction would result in unnecessary administrative costs attendant to drafting, serving, filing, and defending pleadings, which would significantly reduce the ultimate net value of these assets.

5

The amount of proceeds generated by many of the proposed sales transactions do not warrant the incurrence of such expenses.

14. The expedited procedures set forth herein would permit the Debtors to be responsive to the needs of interested purchasers, prevent lost sales due to delay, and allow the Debtors' advisors to use their significant experience to negotiate the best possible price.

15. Finally, as set forth above, the Debtors will provide the Notice Parties with the opportunity to review and object to any proposed transaction that exceeds $5,000.

*The Assets Should be Sold Free of Liens, Claims, and Encumbrances*

16. Pursuant to Bankruptcy Code Section 363(f), a debtor may sell assets free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Satisfaction of any one of the above five conditions would permit the sale of the de minimis assets. *See In re Kellstrom Indus.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002), *citing Citicorp Homeowners Servs. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (court may approve sale "free and clear" provided at least one of the subsections is met); *In re Healthco Int'l, Inc.*, 174 B.R. 174, 176 (Bankr. D. Mass. 1994) (Section 363(f)(5) has been interpreted to mean "a payment constituting less than full payment of the underlying debt"). *See also Cheslock Bakker & Assocs., Inc. v. Kremer (In re Downtown Athletic Club)*, No. M-47 (JSM), 2000 WL 744126,

at *3 (Bankr. S.D.N.Y. June 9, 2000) (free and clear sale under the debtor's plan of reorganization was binding on the debtor's creditors who received notice of the confirmation hearings).

17. In order to facilitate the proposed sale transactions, the Debtors submit that all sales must be free and clear of any and all such liens, claims, and encumbrances (collectively, "Liens").

18. In approving the sales free and clear of Liens, the Debtors request that the Court find and hold that all purchasers of the property, in accordance with the Sale Procedures set forth herein, are entitled to the protections afforded by Bankruptcy Code Section 363(m), which provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of [Section 363] of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Such relief is appropriate in light of the opportunity of the Notice Parties to review and object to sales that exceed $5,000. *See Esposito v. Title Ins. Co. (In re Fernwood Market)*, 73 B.R. 616, 620 (Bankr. E.D. Pa. 1987) (good faith purchasers are protected under Section 363(m) where notice is provided to lienholders). *See also In re Edwards*, 962 F.2d 641, 645 (7th Cir. 1992) ("a bona fide purchaser at a bankruptcy sale gets good title," even where lienholders did not receive notice).

19. The proposed procedures are consistent with the exercise of sound business judgment, are fair and appropriate and submitted in good faith, and balance the need for an expeditious realization of value and/or reduction of burdensome costs to the Debtors' estates, while providing advance notice of proposed property dispositions.

20. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects.

*Similar Motions Have Been Granted*

21. This court and others have routinely granted similar relief in this District. *See, e.g. In re Nortel Networks, Inc. et al*, Case No. 09-10138 (KG) (Bankr. D. Del. Feb. 18, 2009) (Order approving the debtor's motion for sales of *de minimis* assets less than $10,000,000, and approving the sale of *de minimis* assets of less than $1,500,000 without being required to give notice to the notice parties); *In re Sharper Image Corporation*, Case No. 08-10322 (KG) (Bankr. D. Del. April 2, 2008) (Order approving the debtor's motion for sales of *de minimis* assets less than $50,000 or $100,000 depending on the location of the assets); *In re Federal Mogul Global Inc., T&N Limited, et al.*, Case No. 01-10578 (RJN) (Bankr. D. Del Feb. 11, 2002) (Order approving the debtor's motion for sales of *de minimis* assets less than $5,000,000 or $10,000,000 depending on the entity they are sold to).

## REQUEST FOR WAIVER OF STAY

22. As set forth above, a delay in the ability to sell *de minimis* assets would be detrimental to the Debtors, their creditors, and their estates. Accordingly, to the extent applicable, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of any order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## NOTICE

23. Notice of this Motion has been provided to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) Wachovia Bank N.A., as the agent, (iv) counsel to Wachovia; and (v) each person or entity that has filed a notice of appearance and request for service of

documents herein. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## NO PREVIOUS REQUEST

24. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: April 16, 2010
       Wilmington, Delaware

**ELLIOTT GREENLEAF**

*/s/ Rafael X. Zahralddin-Aravena*
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Kenneth L. Dorsney (DE Bar No. 3726)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: kld@elliottgreenleaf.com

- and -

CAHILL GORDON & REINDEL LLP
Joel H. Levitin
Michael R. Carney
Maya Peleg
Eighty Pine Street
New York, New York, 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
Email: jlevitin@cahill.com
Email: mcarney@cahill.com
Email: mpeleg@cahill.com

*Attorneys for the Debtors and Debtors-in-Possession*