# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORLEANS HOMEBUILDERS, INC., *et al.*, | ) | Case No. 10-10684 (PJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Objections Due: April 27, 2010 at 4:00 p.m. EDT |
| | ) | Hearing Date: May 4, 2010 at 10:30 a.m. EDT |
| | ) | |
| | ) | **Re: D.I. 545** |
| | ) | |

**LIMITED OBJECTION OF LAURA J. ROSQUIST TO MOTION OF THE DEBTORS FOR ORDERS (A)(I) APPROVING SALE PROCEDURES AND BIDDING PROTECTIONS TO BE EMPLOYED IN CONNECTION WITH THE PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER APPROVAL OF THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, AND (III) APPROVING NOTICE OF THE RESPECTIVE DATES, TIMES, AND PLACES FOR AUCTION AND FOR HEARING ON APPROVAL OF (1) SALE OF SUBSTANTIALLY ALL ASSETS, AND (2) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B)(I) AUTHORIZING AND APPROVING AN ASSET PURCHASE AGREEMENT WITH NVR, INC., OR SUCH OTHER PURCHASER(S) PROVIDING HIGHER OR OTHERWISE BETTER OFFER(S); (II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE REJECTION OF OTHER EXECUTORY CONTRACTS; (IV) AUTHORIZING THE DEBTORS TO CONSUMMATE ALL TRANSACTIONS RELATED TO THE ABOVE; AND (V) GRANTING OTHER RELIEF**

Laura J. Rosquist ("Rosquist"), a/k/a Laura J. Dietz, by and through undersigned counsel, hereby makes her limited objection ( the "Limited Objection") to that certain Motion of the Debtors for Orders (A)(I) Approving Sale Procedures

and Bidding Protections to be Employed in Connection with the Proposed Sale of Substantially All of the Debtors' Assets, (II) Scheduling an Auction and Hearing to Consider Approval of the Sale of Substantially All of the Debtors' Assets, and (III) Approving Notice of the Respective Dates, Times, and Places for Auction and for Hearing on Approval of (1) Sale of Substantially All Assets, and (2) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (B)(I) Authorizing and Approving an Asset Purchase Agreement with NVR, Inc., or Such Other Purchaser(s) Providing Higher or Otherwise Better Offer(s); (II) Authorizing the Sale of Substantially All of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and the Rejection of Other Executory Contracts; (IV) Authorizing the Debtors to Consummate All Transactions Related to the Above; and (V) Granting Other Relief (the "Motion") [D.I. 545]. In support of this Limited Objection, Rosquist respectfully states as follows:

## BACKGROUND

1. On March 1, 2010, Orleans Homebuilders, Inc. ("Orleans") and other related entities, including Realen Homes, L.P., ("Realen" and, together with Orleans and all related entities set forth above, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. As recited and alleged in that certain "Amended Complaint," filed November 19, 2008 in case 07 L 870 in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois (the "State Court Action"), Realen previously purchased a tract of property on which it planned and constructed 80 single family homes. This tract is known as Cedar Ridge Estates.

3. On or about April 25, 2004, Realen contracted with Rosquist (who, at the time, was known by the name Laura Dietz) for the construction and sale of one of these new homes; that property and improvements is located on the parcel commonly known as 445 Red Cedar Road, Lake Villa, Illinois 60046 (the "Property").

4. Realen would not have been able to construct 80 homes on the land now occupied by Cedar Ridge Estates as that land existed in its natural state. Accordingly, to construct the homes, Realen (and/or Orleans and other affiliated entities) engaged in substantial soil shaping and grading activities.

5. Rosquist's 10-count complaint alleges, among other things, that Realen and/or Orleans failed to construct her home in a workman-like manner and that it breached the contract for sale. Rosquist alleges not less than thirty (30) specific defects caused by Realen and/or Orleans, many of which stem from the fact that Realen and/or Orleans and their subcontractors failed to take all actions necessary to compact the land under and around Rosquist's home in connection with their shaping and grading activities. The amount of damages must be calculated at trial, but it is alleged that those damages greatly exceed the jurisdictional prerequisite for the state court where the action is pending, which is $50,000.

6. Specifically, the complaint alleges:

    I. Breach of Contract;
    II. Breach of Implied Warranty;
    III. Common Law Fraud Against Realen;
    IV. Common Law Fraud Against Orleans, as Respondeat Superior;
    V. Breach of Contract Claims Against Orleans as Successor of Realen;
    VI. Breach of Implied Warranty Against Berger Excavating Contractors, Inc.;
    VII. Breach of Implied Warranty Against Rieke Contracting, Inc. FKA Rieke Excavating, Inc.;
    VIII. Breach of Implied Warranty Against Soil and Material Consultants, Inc.;
    IX. Breach of Implied Warranty Against First Place Concrete, Inc.; and
    X. Breach of Implied Warranty Against Realen Home Developers, LLC.

7. In response to Rosquist's Amended Complaint, Realen and Orleans have filed contributions and indemnity claims against the various sub-contractors that participated in the development of the Cedar Ridge homes.

8. On February 24, 2010, the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois entered an order (the "Injunction") in the State Court Action, attached hereto as Exhibit A, providing, in part, as follows:

> It is hereby ordered that defendant Orleans Homebuilders Inc. shall perform the repairs outlined in the attached order Exhibit A hereto within the time frames set forth in said Exhibit A. This order is a mandatory injunction and Orleans shall comply with the order or be subject to contempt.
>
> It is further ordered that the engineer report set forth in Exhibit A at page 5 paragraph [sic] shall be provided on or before February 17, 2010.

Injunction.

9. To date, although certain deadlines for completing the work described in the Injunction passed before the Petition Date, Orleans has not complied with the Injunction.

10. The Property, the various sub-contractors, and the court adjudicating liability on Rosquist's complaint are located in and around Lake County, Illinois. By its terms, the contract is governed by the laws of the State of Illinois.

11. On April 13, 2010, Rosquist filed that certain Motion of Laura S. Rosquist for Relief from Stay Under Section 362 of the Bankruptcy Code (the "Stay Relief Motion") [D.I. 539]. By the Stay Relief Motion, Rosquist seeks relief from the automatic stay to permit the continuation of all judicial processes in the State Court Action, including all proceedings to and through final judgment and including appeals, but excluding execution or enforcement of any judgment obtained.

12. Also on April 13, 2010, the Debtors filed the Motion. In relevant part, the Debtors request in the Motion that the Court approve that certain Asset Purchase Agreement (the "APA")[1] pursuant to which the Debtors would convey substantially all their assets to NVR, Inc. (the "Proposed Buyer"). Under the APA, the Debtors intend to convey to the Proposed Buyer:

> All Documents that are used, or held for use, in connection with the Real Property or other Purchased Assets, but excluding any Documents primarily related to or are required to realize the benefits of any Excluded Asset; provided, however, that the Sellers shall have continued access to such Documents (or copies thereof) as are necessary or appropriate to administer the Bankruptcy Case.

---

[1] Each capitalized term not otherwise defined herein shall have meaning ascribed to such term in the Motion.

5

APA § 2.1(k).

## RELIEF REQUESTED

13. Rosquist objects to Motion and the approval of the APA to the extent that the Debtors would be permitted to convey to the Proposed Buyer (or any other buyer) documents relating to the Property and the claims and causes of actions being litigated in the State Court Action ("Relevant Documents").

14. As a party to existing litigation, the Debtors have an obligation to preserve the Relevant Documents. They cannot escape this obligation under Bankruptcy Code section 363. Accordingly, the Debtors must be required to retain the Relevant Documents.

15. Moreover, were the Debtors to convey the Relevant Documents to the Proposed Buyer or another buyer, to the extent that any Relevant Documents have not already been produced to Rosquist in the State Court Action, Rosquist would be forced to seek such Relevant Documents from a stranger to the State Court Action by third party discovery. This would be a patently inequitable result that would have the potential to increase greatly the cost and difficulty of litigating the claims in the State Court Action.

16. Rosquist therefore requests that APA Section 2.1(k) be modified as follows:

> All Documents that are used, or held for use, in connection with the Real Property or other Purchased Assets, but excluding any Documents primarily related to or are required to realize the benefits of any Excluded Asset; provided, however, that the Sellers shall have continued access to such Documents (or copies thereof) as are

necessary or appropriate to administer the Bankruptcy Case. *Notwithstanding the foregoing, the Debtors shall retain all Documents (or copies thereof) that relate to the claims in the case encaptioned Laura Dietz v. Realen Homes, L.P., et al., which is pending in the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois, as case number 07 L 870, through final judgment and including any appeals*.

WHEREFORE, Rosquist respectfully requests that this Court enter an order granting the Motion subject to this Limited Objection and the modifications proposed herein, and for such other relief as is just and proper.

Dated: April 23, 2010

**WOMBLE CARLYLE SANDRIDGE & RICE, PLLC**

_____
Francis A. Monaco, Jr. (DE Bar No. 2078)
Thomas M. Horan (DE Bar No. 4641)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: fmonaco@wcsr.com
E-mail: thoran@wcsr.com

-and-

David P. Leibowitz (ARDC # 1612271)
LakeLaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
Telephone: (847) 249-9100

*Counsel to Laura J. Rosquist*