IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| ORLEANS HOMEBUILDERS, INC., *et al.*,[1] ) | Case No. 10-10684 (PJW) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | Re: Docket No. 1103 |

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
ON OR BEFORE AUGUST 9, 2010, AT 5:00 P.M. (PREVAILING EASTERN TIME)**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE ABOVE-CAPTIONED DEBTOR ENTITIES:**

PLEASE TAKE NOTICE THAT on June 2, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bar Date Order") (Docket No. 1103) establishing **August 9, 2010, at 5:00 p.m. (prevailing Eastern Time)** (the "Bar Date"), as the last date and time for each person or entity (except as expressly set forth herein) to file a proof of claim against Orleans Homebuilders, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"). The Bar Date Order has also established **August 30, 2010, at 5:00 p.m. (prevailing Eastern Time)** as the last date and time (the "Governmental Bar Date") for a "governmental unit" (as such term is defined in Bankruptcy Code § 101(27)) to file a proof of claim against Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Orleans Homebuilders, Inc. (4323), Brookshire Estates, L.P. (8725), Community Management Services Group, Inc. (6620), Greenwood Financial Inc. (7510), Masterpiece Homes, LLC (1971), OHB Homes, Inc. (0973), OHI Financing, Inc. (6591), OHI PA GP, LLC (2675), OPCNC, LLC (8853), Orleans Arizona Realty, LLC (9174), Orleans Arizona, Inc. (2640), Orleans at Bordentown, LLC (4968), Orleans at Cooks Bridge, LLC (4185), Orleans at Covington Manor, LLC (9891), Orleans at Crofton Chase, LLC (8809), Orleans at East Greenwich, LLC (9814), Orleans at Elk Township, LLC (6891), Orleans at Evesham, LLC (7244), Orleans at Falls, LP (2735), Orleans at Hamilton, LLC (9679), Orleans at Harrison, LLC (4155), Orleans at Hidden Creek, LLC (3301), Orleans at Jennings Mill, LLC (4693), Orleans at Lambertville, LLC (0615), Orleans at Limerick, LP (7791), Orleans at Lower Salford, LP (9523), Orleans at Lyons Gate, LLC (2857), Orleans at Mansfield LLC (1498), Orleans at Maple Glen LLC (7797), Orleans at Meadow Glen, LLC (4966), Orleans at Millstone River Preserve, LLC (8810), Orleans at Millstone, LLC (8063), Orleans at Moorestown, LLC (9250), Orleans at Tabernacle, LLC (9927), Orleans at Thornbury, L.P. (4291), Orleans at Upper Freehold, LLC (3225), Orleans at Upper Saucon, L.P. (3715), Orleans at Upper Uwchlan, LP (8394), Orleans at Wallkill, LLC (2875), Orleans at West Bradford, LP (4161), Orleans at West Vincent, LP (9557), Orleans at Westampton Woods, LLC (8095), Orleans at Windsor Square, LP (9481), Orleans at Woolwich, LLC (9215), Orleans at Wrightstown, LP (9701), Orleans Construction Corp. (0893), Orleans Corporation (8770), Orleans Corporation Of New Jersey (5325), Orleans DK, LLC (5308), Orleans RHIL, LP (1938), Parker & Lancaster Corporation (1707), Parker & Orleans Homebuilders, Inc. (5269), Parker Lancaster, Tidewater, L.L.C. (7432), Realen Homes, L.P. (8293), RHGP LLC (8197), Sharp Road Farms Inc. (1871), Stock Grange, LP (4027), and Wheatley Meadows Associates (5459).

The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to March 1, 2010 (the "Petition Date"), the date on which the Debtors commenced cases under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, as amended from time to time (the "Bankruptcy Code"), except for those holders of the claims listed in sections 4 and 5 below that are specifically excluded from the Bar Date filing requirement.

1.  **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on any Chapter 11 plan filed by the Debtors or share in distributions from the Debtors' bankruptcy estates if you hold a claim that arose on or before the Petition Date, and it is not one of the kinds of claims set forth in sections 4 and 5, below. Claims based on acts or omissions of the Debtors that arose on or before the Petition Date must be filed prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under Bankruptcy Code § 101(5) and as used herein, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

2.  **WHAT TO FILE**

All proofs of claim must be signed by the individual to whom service of any papers relating to such claim shall be directed. It must be written in English and be denominated in lawful currency of the United States as of the Petition Date. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available. Your proof of claim should conform substantially with the proof of claim form provided with this Notice or Official Form No. B10.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case.

Any proof of claim previously properly filed with the Orleans Homebuilders, Inc., *et al.*, Claims Processing Center (as defined below) prior to the mailing of this notice shall be deemed to be and shall be treated as a properly filed claim subject to the right of the Debtors or any party in interest to object to the allowance thereof. No additional proof of claim is required with respect to such claim. If you have not filed your proof of claim yet, please send it to the Orleans Homebuilders, Inc., *et al.*, Claims Processing Center only; please do not file your proof of claim with the Bankruptcy Court or attempt to do so by sending it to the Debtors' counsel.

A copy of the proof of claim form tailored for these cases can be obtained on-line from the Debtors' restructuring Web site:

http://www.orleanshomesreorg.com/

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, proofs of claim must be filed so as to be received **on or before August 9, 2010 at 5:00 p.m. (prevailing Eastern Time)**, at the following address (the "Orleans Homebuilders, Inc., *et al.*, Claims Processing Center"):

**IF SENT BY MAIL**
The Garden City Group, Inc.
Attn: Orleans Homebuilders, Inc.
P.O. Box 9405
Dublin, OH 43017-4505

**IF SENT BY MESSENGER OR OVERNIGHT COURIER**
The Garden City Group, Inc.
Attn: Orleans Homebuilders, Inc.
5151 Blazer Parkway, Suite A
Dublin, OH 43017-4505

Proofs of claim will be deemed timely filed only if **actually received** by the Orleans Homebuilders, Inc., *et al.*, Claims Processing Center on or before the Bar Date. **Proofs of claim may not be delivered by facsimile, telecopy or electronic mail.**

4. **WHO NEED NOT FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE**

You do **not** need to file a proof of claim on or before the Bar Date if:

a. you have **already** properly filed, with the Orleans Homebuilders, Inc., *et al.*, Claims Processing Center or the Bankruptcy Court, a proof of claim against all Debtors against which you have a claim utilizing a proof of claim form which substantially conforms to the proof of claim form tailored for these cases or Official Form No. B10;

b. your claim is listed on the Schedules (as defined below) and is **not** described as "disputed," "contingent," or "unliquidated," **and** you do not dispute the amount, nature or priority of your claim as set forth in the Schedules;

c. you hold a claim that has been previously allowed by an order of the Bankruptcy Court entered on or before the Bar Date;

d. your claim has already been paid in full by the Debtors;

e. you hold a claim for which a specific deadline to file a proof of claim has previously been fixed by the Bankruptcy Court;

f. pursuant to an order of this Court entered prior to the Bar Date, (i) you are not required to file a proof of claim or (ii) the Bar Date does not apply to you;

g. you hold a claim under Bankruptcy Code §§ 503, 507(a), 330(a), 331 or 364 as an administrative expense (other than any claim allowable under Bankruptcy Code § 503(b)(9)); or

h. your claim is for post-petition amounts due.

This notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this notice does not mean that you hold a claim against the Debtors or that the Debtors believe that you hold a claim against the Debtors.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HOLD A CLAIM AGAINST THE DEBTORS, OR IF THE CLAIM YOU HELD ON THE PETITION DATE HAS BEEN PAID.**

5. **SPECIAL CLAIMS**

   a. <u>Co-Debtors or Sureties.</u> Pursuant to Bankruptcy Rule 3005, the Court has established **September 8, 2010 at 5:00 p.m. (prevailing Eastern Time)** as the last date and time by which guarantors, sureties, indorsers, and other co-debtors may file claims under Bankruptcy Code § 501(b).

   b. <u>Entities Asserting Claims Arising from the Recovery of a Voidable Transfer.</u> The Court has established as the last date for filing claims arising from the recovery of a voidable transfer the later of (i) the Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the entry of any order or judgment approving the avoidance of the transfer.

   c. <u>Governmental Units.</u> The Court has established **August 30, 2010 at 5:00 p.m. (prevailing Eastern Time)** as the Governmental Bar Date, i.e., the last date and time by which "governmental units" (as defined in Bankruptcy Code § 101(27)) may file claims under Bankruptcy Code § 502(b)(9).

   d. <u>Creditors Holding Claims that Were Altered by Amendments to the Debtors' Schedules.</u> If the Debtors amend or supplement the Schedules subsequent to the passing of the Bar Date in a manner that (i) reduces the liquidated amount of a scheduled claim; (ii) reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent; (iii) reduces the priority of a scheduled claim; or (iv) changes the Debtor against whom a claim was scheduled, and the affected claimant does not agree with such amendment, then the affected claimant who has not already filed a proof of claim in advance of the Bar Date with respect to such scheduled claim must file a proof of claim on the

later of (i) the first business day that is at least thirty (30) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009 or (ii) such other time as may be established by order of the Court in connection with a motion to amend the Schedules, but in each instance, only to the extent such proof of claim does not exceed the amount scheduled for such claim before the amendment.

  e. <u>Debt Claims.</u> Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "Debt Claim") on or under any agreements governing any syndicated credit facility or debt security issued by or for the benefit of the Debtors pursuant to an indenture (together, the "Debt Instruments") is not required to file a proof of claim with respect to such claim on or before the Bar Date if the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "Debt Representative") files a proof of claim against each Debtor, on or before the Bar Date, on account of all Debt Claims of such person or entity against such Debtor under the applicable Debt Instruments, *provided, however*, that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, shall be required to file a proof of claim with respect to such claim on or before the Bar Date, unless another exception identified herein applies.

  f. <u>Equity Security Holders.</u> The Debtors' equity securities need not file a proof of such interest. But any equity security holder asserting any rights as a creditor of any of the Debtors' estates, including a claim relating to such equity interest or the purchase or sale of such equity interest, shall be required to file a proof of such claim on or before the Bar Date.

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTIONS 4 AND 5 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR IN THESE CASES WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES AND SHALL NOT BE ENTITLED TO ANY DISTRIBUTION IN THE THESE CASES ON ACCOUNT OF SUCH CLAIM.

## 7. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtors in the Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures and Schedules of Executory Contracts and Unexpired Leases (collectively, as may be amended, the "Schedules").

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. As set forth above, if you agree with the nature, amount and status of your claim as listed in the Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of such claim. Otherwise, or if you decide to file a proof of claim, you must do so on or before the Bar Date in accordance with the procedures set forth in this notice.

You may access the Schedules on-line at the website of the Debtors' claims agent, Garden City Group, Inc. at http://www.orleanshomesreorg.com/. Copies of the Schedules are also available for inspection on the Court's Internet Website at http://www.deb.uscourts.gov/. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 824 Market St., 5th Floor, Wilmington, DE 19801. Copies of the Schedules may also be obtained by written request to Debtors' counsel, Elliott Greenleaf LLP and Cahill Gordon & Reindel LLP, at the address and telephone number set forth below.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

This notice is only a summary of the Bar Date Order. All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code,

*(Remainder of page intentionally left blank.)*

Bankruptcy Rules and Local Bankruptcy Rules for the District of Delaware for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors.

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

Dated: June 3, 2010
       Wilmington, Delaware

**ELLIOTT GREENLEAF**

_/s/_

Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Andrew G. Mirisis (DE Bar No. 5365)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: agm@elliottgreenleaf.com

- and -

CAHILL GORDON & REINDEL LLP
Joel H. Levitin
Michael R. Carney
Maya Peleg
Eighty Pine Street
New York, New York, 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
Email: jlevitin@cahill.com
Email: mcarney@cahill.com
Email: mpeleg@cahill.com

*Attorneys for the Debtors and Debtors-in-Possession*