# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ORLEANS HOMEBUILDERS, INC., et al.,[1] | Case No. 10-10684 (PJW) |
| Debtors. | Jointly Administered |
| | Re: Docket Nos. 2216 & 2218 |

## ORDER (A) APPROVING DISCLOSURE STATEMENT, (B) SCHEDULING HEARING TO CONSIDER PLAN CONFIRMATION, (C) ESTABLISHING DEADLINE FOR OBJECTING TO PLAN, (D) APPROVING FORM OF BALLOTS AND OTHER SOLICITATION FORMS, (E) APPROVING VOTING DEADLINE, VOTING PROCEDURES, TABULATION PROCEDURES, AND SOLICITATION PROCEDURES, AND (F) APPROVING FORM AND MANNER OF NOTICES

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each of their tax identification numbers are: Orleans Homebuilders, Inc. (4323), Brookshire Estates, L.P. (8725), Community Management Services Group, Inc. (6620), Greenwood Financial Inc. (7510), Masterpiece Homes, LLC (1971), OHB Homes, Inc. (0973), OHI Financing, Inc. (6591), OHI PA GP, LLC (2675), OPCNC, LLC (8853), Orleans Arizona Realty, LLC (9174), Orleans Arizona, Inc. (2640), Orleans at Bordentown, LLC (4968), Orleans at Cooks Bridge, LLC (4185), Orleans at Covington Manor, LLC (9891), Orleans at Crofton Chase, LLC (8809), Orleans at East Greenwich, LLC (9814), Orleans at Elk Township, LLC (6891), Orleans at Evesham, LLC (7244), Orleans at Falls, LP (2735), Orleans at Hamilton, LLC (9679), Orleans at Harrison, LLC (4155), Orleans at Hidden Creek, LLC (3301), Orleans at Jennings Mill, LLC (4693), Orleans at Lambertville, LLC (0615), Orleans at Limerick, LP (7791), Orleans at Lower Salford, LP (9523), Orleans at Lyons Gate, LLC (2857), Orleans at Mansfield LLC (1498), Orleans at Maple Glen LLC (7797), Orleans at Meadow Glen, LLC (4966), Orleans at Millstone River Preserve, LLC (8810), Orleans at Millstone, LLC (8063), Orleans at Moorestown, LLC (9250), Orleans at Tabernacle, LLC (9927), Orleans at Thornbury, L.P. (4291), Orleans at Upper Freehold, LLC (3225), Orleans at Upper Saucon, L.P. (3715), Orleans at Upper Uwchlan, LP (8394), Orleans at Wallkill, LLC (2875), Orleans at West Bradford, LP (4161), Orleans at West Vincent, LP (9557), Orleans at Westampton Woods, LLC (8095), Orleans at Windsor Square, LP (9481), Orleans at Woolwich, LLC (9215), Orleans at Wrightstown, LP (9701), Orleans Construction Corp. (0893), Orleans Corporation (8770), Orleans Corporation Of New Jersey (5325), Orleans DK, LLC (5308), Orleans RHIL, LP (1938), Parker & Lancaster Corporation (1707), Parker & Orleans Homebuilders, Inc. (5269), Parker Lancaster, Tidewater, L.L.C. (7432), Realen Homes, L.P. (8293), RHGP LLC (8197), Sharp Road Farms Inc. (1871), Stock Grange, LP (4027), and Wheatley Meadows Associates (5459).

Upon consideration of the motion (the "Motion")[2] of the Debtors for an order (a) approving the Disclosure Statement, (b) scheduling the Confirmation Hearing, (c) establishing the deadline for objecting to the Plan, (d) approving the form of Ballots and the other solicitation forms, (e) approving the Voting Deadline, the Voting Procedures, the Tabulation Procedures, and the Solicitation Procedures, and (f) approving the form and manner of notices; and upon review of the Disclosure Statement; and the Court having found that good and sufficient cause exists for granting the Motion and approving the Disclosure Statement and the forms of other documents and procedures as provided herein; and it appearing that the Disclosure Statement contains adequate information as defined in Bankruptcy Code § 1125(a); and upon the record of these Cases any hearings held to consider the Motion; and upon consideration of all objections, responses, and joinders to objections or responses (collectively, the "Objections") (Docket Nos. 2052, 2056, 2057, 2060, 2061, 2062, 2063, 2064, 2067, 2068, 2069, 2070, 2072, 2073, 2074, 2075, 2086, 2088, 2089, 2091, 2092, and 2097) filed to the Motion and/or approval of the Disclosure Statement; and upon consideration of the Debtors' omnibus reply to the Objections; and it appearing that the relief requested in the Motion and granted herein is appropriate in the context of these cases and in the best interests of the Debtors and their respective estates, their creditors, and all other parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases, and it appearing that no other or further notice need be given; it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ORDERED that, to the extent not resolved or withdrawn, each of the Objections is overruled; and it is further

ORDERED that, pursuant to Bankruptcy Code § 1125, the Disclosure Statement, including the Solicitation Package, is approved; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Code § 1125(b), to transmit copies of the Disclosure Statement, the Plan, and related documents (including a letter prepared by the Creditors Committee with respect thereto) to certain known Holders of Claims and Interests against in the Debtors and to solicit acceptances of the Plan from Holders of Claims against the Debtors that are impaired under the Plan and are not deemed to have rejected the Plan, as more fully provided for in the Motion and as modified in this Order and the Disclosure Statement; and it is further

ORDERED that the Claims Agent shall be authorized and empowered to distribute the Solicitation Packages, as set forth herein; and it is further

ORDERED that the Debtors are authorized to make non-substantive and conforming changes to the Plan, the Disclosure Statement, the Solicitation Packages, and any other solicitation documents and forms prior to solicitation; and it is further

ORDERED that the Voting Record Date for the purposes of determining which creditors are entitled to vote on the Plan and to receive solicitation and other related forms, including those described in the Motion, shall be September 29, 2010; and it is further

ORDERED that all Ballots accepting or rejecting the Plan must be received by the Claims Agent by 5:00 P.M. (prevailing Eastern Time) on November 5, 2010 (the "Voting Deadline"), at either of the following addresses:

| If by mail: | If by hand delivery or overnight courier: |
|---|---|
| The Garden City Group, Inc. | The Garden City Group, Inc. |
| Attn: Orleans Homebuilders, Inc. | Attn: Orleans Homebuilders, Inc. |
| P.O. Box 9405 | 5151 Blazer Parkway, Suite A |
| Dublin, Ohio 43017-9405 | Dublin, Ohio 43017 |

and it is further

ORDERED that the Debtors, in consultation with the Creditors Committee and the Sponsors, or the Court, on an individual, case-by-case basis, may extend or waive the period during which votes will be accepted by the Debtors, in which case the Voting Deadline shall mean the date to which such period is extended; and it is further

ORDERED that Ballots to accept or to reject the Plan may be revoked at any time prior to the Voting Deadline, and thereafter, Ballots may be revoked only with the approval of the Debtors, in consultation with the Creditors Committee and the Sponsors, or the Court; and it is further

ORDERED that the Solicitation Procedures, the Voting Procedures, and the Tabulation Procedures, each as described in greater detail below, provide for a fair and equitable process for voting on the Plan consistent with Bankruptcy Code § 1126 and are approved; provided, however, that the Debtors rights to modify, amend, and/or supplement the Solicitation Procedures, Voting Procedures, and/or Tabulation Procedures are reserved; and it is further

ORDERED that the Solicitation Procedures, as follows, are approved:

a. the Claims Agent is authorized to distribute to Holders of Allowed Claims in Classes 2A and 3 (or 3A, 3B, 3C, and 3D, as applicable) as of the Voting Record Date, Solicitation Packages within five business days after the approval of this Disclosure Statement;

b. any Holder of an Allowed Claim in Classes 2A or 3 (or 3A, 3B, 3C, and 3D, as applicable) is entitled to vote on the Plan, unless such Claim has otherwise been disallowed for voting purposes by the Bankruptcy Court;

4

c. in the event any of the Solicitation Packages are returned as undeliverable, unless a forwarding address provided by the United States Postal Service appears on the mailing envelope of any such returned package, the Debtors are not required to re-mail the undelivered Solicitation Package to those entities whose addresses differ from the addresses on the claims register or the Debtors' records as of the Voting Record Date;

d. any Holders of Old OHB Common Stock as nominee for or on behalf of another party will be directed to immediately prepare and deliver copies of any Solicitation Package received to the beneficial holder of Old OHB Common Stock registered in such nominee's or similar party's name; and

e. any subcontractor or other similar vendor or service provider that employed sub-subcontractors (or similar parties) to provide goods or services to the Debtors will be directed to immediately prepare and deliver copies of any Solicitation Package received to any applicable sub-subcontractors (or similar parties) that may hold Claims against the Debtors;

and it is further

ORDERED that the Voting Procedures, as follows, are approved:

a. the Debtors shall provide copies of the Disclosure Statement and Ballots to all Holders of Claims that are entitled to vote on the Plan;

b. all votes to accept or reject the Plan must be cast by using an appropriate Ballot;

c. Classes 2A and 3 (or 3A, 3B, 3C, and 3D, as applicable) are impaired and, therefore, all Holders of Allowed Claims in such Classes as of the Voting Record Date (including Operational Lien Claims in Class 3A) are entitled to vote to accept or to reject the Plan;

d. Classes 4 and 5 are also impaired, but pursuant to Bankruptcy Code § 1126(g), because the Holders of Claims or Interests (as applicable) in such Classes will not receive or retain any property under the Plan on account of such Claims or Interests (subject to the provisions of Plan Section 5.9 in the case of Intercompany Claims), such Classes are deemed to have rejected the Plan and are not entitled to vote thereon;

e. solely for purposes of voting to accept or to reject the Plan, and not for the purpose of distribution, each Claim entitled to vote on the Plan will be temporarily allowed in an amount determined as follows: the liquidated, undisputed, and non-contingent amount of such Claim indicated on a Proof of Claim filed prior to the applicable deadline for filing Claims (or otherwise deemed timely filed by the Bankruptcy Court) or, if no Proof of Claim has been filed, the known liquidated, undisputed, and non-

contingent amount of such Claim as listed on the Schedules (as applicable, an "Authorized Voting Amount"); provided, however, that notwithstanding the foregoing, any Claim for which the Authorized Voting Amount is equal to $0.00 will not be eligible to vote; and provided further, however, that the Debtors' right to object to any amounts indicated on a particular Proof of Claim or Ballot is reserved. Except as provided below, unless a Ballot being furnished is timely submitted on or prior to the Voting Deadline, together with any other documents required by such Ballot, the Debtors may, in their discretion, reject such Ballot as invalid and decline to utilize it in connection with seeking confirmation of the Plan by the Bankruptcy Court;

f. except as provided below, unless a Ballot being furnished is timely submitted on or prior to the Voting Deadline, together with any other documents required by such Ballot, the Debtors may, in their discretion, reject such Ballot as invalid and decline to utilize it in connection with seeking confirmation of the Plan by the Bankruptcy Court; and

g. in accordance with Bankruptcy Rules 3017 and 3018, the Bankruptcy Court has established September 29, 2010, as the Voting Record Date; provided, however, that, with respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001, the Holder of a Claim as of the Voting Record Date shall be the transferor of such Claim unless the documentation evidencing such transfer was docketed by the Bankruptcy Court on or before 21 days prior to the Voting Record Date, and no timely objection with respect to such transfer was filed by the transferor;

and it is further

ORDERED that the Tabulation Procedures, as follows, are approved:

a. any Ballot cast by a person or entity that does not hold a Claim in a Voting Class will not be counted;

b. all votes must be cast either to accept or to reject the Plan and may not be split;

c. to the extent that a Creditor has filed a proof of claim that is for an unliquidated amount or is contingent, or the Schedules list such Creditor as having an unliquidated or contingent Claim, and such Creditor has not timely filed a Proof of Claim in a liquidated, non-contingent amount, the applicable Creditor will be deemed to be voting such Claim for an amount equal to $1.00 for all purposes;

d. except as the Debtors may otherwise agree or the Bankruptcy Court may otherwise order, a Ballot received by facsimile, e-mail, or any other electronic means will not be counted;

6

e. except as the Debtors may otherwise agree or the Bankruptcy Court may otherwise order, only Ballots properly executed and timely received by the Claims Agent will be counted;

f. in consultation with the Creditors Committee, the Debtors may waive any defect in any Ballot at any time, whether before or after the Voting Deadline;

g. in consultation with the Creditors Committee, the Debtors may disregard or decline to count any and all Ballots not in proper form or to attempt otherwise to cure any and all defective Ballots;

h. any Ballot that is illegible or contains insufficient information to permit identification of the claimant will not be counted;

i. except as the Debtors may otherwise agree or the Bankruptcy Court may otherwise order, only Ballots bearing an original signature on the line adjacent to the "Signature:" label in the authorization section therein will be counted;

j. whenever a claimant casts more than one Ballot voting the same claim(s) prior to the Voting Deadline, only the last properly-executed ballot received by the Claims Agent on or prior to the Voting Deadline will be counted;

k. if, prior to the Voting Deadline, the Debtors have (i) filed an objection to disallow or expunge any Proof of Claim or (ii) scheduled any Claim on the Schedules as disputed, and as to which no corresponding Proof of Claim in an amount disputed by the Debtors has been timely filed, the applicable claimant's vote will not be counted for any purpose unless and until such claimant obtains a Final Order from the Bankruptcy Court providing otherwise; provided, however, that, in the event such a claimant files a motion pursuant to Bankruptcy Code § 502(c) for temporary allowance of its claim for voting purposes prior to the Voting Deadline, the Voting Deadline for such claimant shall be extended to the earlier of the date the Court considers such motion or the date of the Confirmation Hearing;

l. if, prior to the Voting Deadline, the Debtors have filed an objection seeking to partially disallow or expunge any Proof of Claim, the applicable claimant's vote will be counted for all purposes with respect to the Plan or the Confirmation Hearing solely to the extent of the undisputed portion of such Claim, unless and until such claimant obtains a Final Order from the Bankruptcy Court providing otherwise; provided, however, that, in the event a claimant files a motion pursuant to Bankruptcy Code § 502(c) for temporary allowance of its claim for voting purposes prior to the Voting Deadline, the Voting Deadline for such claimant shall be

extended to the earlier of the date the Court considers such motion or the date of the Confirmation Hearing;

m. if a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person must indicate such capacity when signing its Ballot and, if so requested by the Debtors, must submit evidence satisfactory to the Debtors of its authority to so act; and

n. any Ballot cast by a Holder of a Claim that is listed on Exhibit G to the Disclosure Statement or is not currently listed on either Exhibit F or Exhibit G to the Disclosure Statement, but is determined by the Debtors or the Bankruptcy Court to have an Allowed Secured Operational Lien Claim at any time on or prior to the Confirmation Date will not be counted.

and it is further

ORDERED that the forms (and the related manner of service thereof) of the Notice, the notices attached hereto as <u>Exhibits J and K</u> to be provided to known Operational Lien Claimholders (collectively, the "Operational Lien Claimholder Notices"), the Notification of Non-Voting Status, the Notification of Deemed Rejection, and the Cure Notice are each approved; and it is further

ORDERED that the disclosures set forth in the Ballots and other solicitation forms concerning the releases and injunctions contained in the Plan are approved as being adequate under the circumstances to provide notice of such requested relief; and it is further

ORDERED that the Ballots (including the instructions thereto), which were submitted to the Court and substantially in the forms (including the instructions thereto) attached as Exhibits to this Order are adequate, address the particular needs of these Cases, and are approved; and it is further

ORDERED that the Confirmation Hearing shall be held before the Honorable Peter J. Walsh, United States Bankruptcy Judge, United States Bankruptcy Court, 824 Market Street, Sixth Floor, Wilmington, Delaware 19801 at 1:30 P.M. (prevailing Eastern Time), on

November 16, 2010, or as soon thereafter as counsel may be heard; and it is further

ORDERED that the Confirmation Hearing may be adjourned from time to time without further notice to creditors or parties-in-interest other than an announcement of the adjourned date or dates at the Confirmation Hearing or at an adjourned hearing; and it is further

ORDERED that responses and objections, if any, to the relief sought in connection with Confirmation of the Plan shall (i) be in writing and state the name of the objector, its interest in these Chapter 11 cases, and, if applicable, the amount and nature of its claim or interest, as well as state with particularity the nature of the objection and the legal basis thereof and (ii) be filed with this Court and served in a manner so as to be received by the parties listed below, together with proof of service, no later than November 5, 2010, at 5:00 P.M. (prevailing Eastern Time) (the "Plan Objection Deadline"): (a) counsel for the Debtors, (i) Cahill Gordon & Reindel LLP, 80 Pine Street, New York, New York 10005 (Attn: Joel H. Levitin, Esq., Stephen J. Gordon, Esq., Richard A. Stieglitz Jr., Esq., and Maya Peleg, Esq.) and (ii) Elliott Greenleaf, 1105 North Market Street, Suite 1700, Wilmington, Delaware 19801 (Attn: Rafael X. Zahralddin-Aravena, Esq., Mark A. Kearney, Esq., Neil R. Lapinski, Esq., and Shelley A. Kinsella, Esq.); (b) Counsel to the Contributing Lender, Schulte Roth & Zabel LLP, 919 3rd Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq., and Adam L. Hirsch, Esq.); (c) counsel for the Administrative Agents, Reed Smith, LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, Pennsylvania 19103 (Attn: Claudia Springer, Esq., and Scott Esterbrook, Esq.); (d) counsel for the Creditors Committee, (i) Duane Morris LLP, 1540 Broadway, New York, New York 10036-4086 (Attn: Gerard S. Catalanello, Esq.), (ii) Duane Morris LLP, 30 South 17th Street, Philadelphia, Pennsylvania 19103 (Attn: Lawrence J. Kotler, Esq.), and (iii) Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware

19801 (Attn: Richard W. Riley, Esq., and Sommer L. Ross, Esq.); and (e) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: David Buchbinder, Esq.); and it is further

ORDERED that the Debtors are authorized to file a reply to objections, if any, to the Plan or a brief in support of confirmation of the Plan prior to the Confirmation Hearing in accordance with the Local Rules; and it is further

ORDERED that the Debtors shall be authorized to file the Plan Supplement and serve it upon all known affected parties no later than October 29, 2010; and it is further

ORDERED that the deadline to object to the Plan Supplement shall be the Plan Objection Deadline; and it is further

ORDERED that Cure Objections must be filed and served so as to be actually received by the Debtors by the Plan Objection Deadline; for the avoidance of doubt, casting a Ballot to accept the Plan shall not preclude any party-in-interest from filing a Cure Objection prior to the Plan Objection Deadline; and it is further

ORDERED that, unless a Cure Objection is timely and properly filed and served, all interested parties that have received actual or constructive notice shall be deemed to have consented to the assumption of such Executory Contract and the amount required to cure any defaults thereunder in accordance with Bankruptcy Code § 365(b); and it is further

ORDERED that without in any way modifying the Home Sales Procedures, which will remain in effect through the Effective Date, the deadline for any Operational Lien Claimholder whose Claim (i) is not expressly set forth on Exhibit F to the Disclosure Statement as being an Allowed Secured Operational Lien Claim, (ii) is set forth on Exhibit G to the Disclosure Statement, or (iii) does not appear on either Exhibit F or Exhibit G to the Disclosure

Statement to object to (a) the proposed classification of its Operational Lien Claim as a General Unsecured Claim in Class 3 or Class 3A, as applicable (including for voting purposes), and not as a Secured Operational Lien Claim in Class 2C (or Other Secured Claims in Class 2B), or (b) in the case of those Operational Lien Claims set forth on Exhibit F to the Disclosure Statement, with respect to the Allowed amount thereof (an "Operational Lien Objection"), shall be the Plan Objection Deadline; for the avoidance of doubt, casting a Ballot to accept the Plan shall not preclude any Operational Lien Claimholder from filing an Operational Lien Objection prior to the Plan Objection Deadline; and it is further

ORDERED that, unless an Operational Lien Objection is timely and properly filed and served, all interested parties that have received actual or constructive notice shall be bound by the Debtors' position with respect to the classification of the applicable Operational Lien Claim (as set forth on Exhibit F or Exhibit G to the Disclosure Statement, as applicable, or as otherwise set forth in the Disclosure Statement), and in the case of those Operational Lien Claims set forth on Exhibit F to the Disclosure Statement, with respect to the Allowed amount thereof, and their Claims shall be treated in accordance therewith for all purposes under the Plan (including, but not limited to, for voting, classification, and distribution purposes) and otherwise in these Cases, and they may not otherwise receive any other treatment or additional distribution or consideration from, or otherwise seek recourse against, any of the Debtors, the Estates, the Reorganized Debtors, or any of their Assets, beyond any distribution or other treatment to be afforded to such Claims under the terms and conditions of the Plan; and it is further

ORDERED that the deadline for any party-in-interest to object to the inclusion of any Asset on Exhibit I to the Disclosure Statement as constituting an Unencumbered Asset (an "Unencumbered Asset Objection"), shall be the Plan Objection Deadline; for the avoidance of

11

doubt, casting a Ballot to accept the Plan shall not preclude any party-in-interest from filing an Unencumbered Asset Objection prior to the Plan Objection Deadline; and it is further

ORDERED that unless an Unencumbered Asset Objection is timely and properly filed and served, all interested parties that have received actual or constructive notice shall be bound by the inclusion of such Assets on Exhibit I to the Disclosure Statement, and such Assets shall be treated in accordance therewith for all purposes under the Plan and otherwise in these Cases; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2002(b) and 3017 and Local Rule 3017-1, notice of the Confirmation Hearing shall be deemed adequate and sufficient if (I) the Confirmation Hearing Notice is served on or before October 8, 2010, by first-class United States mail, email, or by hand delivery to (a) counsel for the Debtors, (i) Cahill Gordon & Reindel LLP, 80 Pine Street, New York, New York 10005 (Attn: Joel H. Levitin, Esq., Stephen J. Gordon, Esq., Richard A. Stieglitz Jr., Esq., and Maya Peleg, Esq.) and (ii) Elliott Greenleaf, 1105 North Market Street, Suite 1700, Wilmington, Delaware 19801 (Attn: Rafael X. Zahralddin-Aravena, Esq., Mark A. Kearney, Esq., Neil R. Lapinski, Esq., and Shelley A. Kinsella, Esq.); (b) Counsel to the Contributing Lender, Schulte Roth & Zabel LLP, 919 3rd Avenue, New York, New York 10022 (Attn: Adam C. Harris, Esq., and Adam L. Hirsch, Esq.); (c) counsel for the Administrative Agents, Reed Smith, LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, Pennsylvania 19103 (Attn: Claudia Springer, Esq., and Scott Esterbrook, Esq.); (d) counsel for the Creditors Committee, (i) Duane Morris LLP, 1540 Broadway, New York, New York 10036-4086 (Attn: Gerard S. Catalanello, Esq.), (ii) Duane Morris LLP, 30 South 17th Street, Philadelphia, Pennsylvania 19103 (Attn: Lawrence J. Kotler, Esq.), and (iii) Duane Morris LLP, 1100 North Market Street, Suite 1200, Wilmington, Delaware

19801 (Attn: Richard W. Riley, Esq., and Sommer L. Ross, Esq.); (e) the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware, 19801 (Attn: David Buchbinder, Esq.); (f) the Securities and Exchange Commission; (g) the Internal Revenue Service; (h) all relevant taxing authorities in jurisdictions in which the Debtors operate; (i) all persons or entities that have (prior to service of the Confirmation Hearing Notice) served and filed notices of appearance in these Cases pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1; (j) all known Holders of Claims in Classes 2A and 3 (or 3A, 3B, 3C, and 3D, as applicable), and (k) all creditors known to the Debtors, all record and beneficial holders of securities of the Debtors known to the Debtors, all holders of record of equity interests in the Debtors, and any other parties-in-interest; and (II) a copy of the Confirmation Hearing Notice, together with the Disclosure Statement and the Plan (as may be amended, modified or supplemented), are served within five business days following the entry of any order approving the Disclosure Statement, by first-class United States mail, email, or by hand delivery to the parties listed above in sections (I)(a) – (j) of this paragraph; (III) a copy of the Notification of Non-Voting Status, substantially in the form attached to the Motion, is sent to each known party with a claim or interest against the Debtors that is unimpaired by the Plan; (IV) a copy of the Notification of Deemed Rejection, substantially in the form attached to the Motion, is sent to each known party that is deemed to reject the Plan pursuant to Bankruptcy Code § 1126(g); (V) a copy of the applicable Operational Lien Claimholder Notice, substantially in the forms attached as <u>Exhibit J and K</u> hereto, is sent to each party on Exhibit F and Exhibit G to the Disclosure Statement (as applicable); and (VI) pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors publish the Confirmation Hearing Notice in a format suitable for newspaper publication in *USA Today* or a similar national newspaper on at least one occasion at least 28 days prior to the Confirmation Hearing; and it is

further

ORDERED that the Disclosure Statement and the Plan shall be on file with the Clerk of the Bankruptcy Court and may be examined by interested parties at the office of the Clerk at the United States Bankruptcy Court, 824 Market Street, Sixth Floor, Wilmington, Delaware 19801, during regular business hours, or copies may be obtained by visiting http://www.orleanshomesreorg.com free of charge; and it is further

ORDERED that the Debtors and their agents are authorized and empowered to take such steps, incur and pay such costs and expenses, and to do such things as may be necessary to fulfill all notice and other requirements established by this Order or otherwise set forth in the Motion, the Plan, or the Disclosure Statement; and it is further

ORDERED that, to the extent it may be necessary, the requirements of Bankruptcy Rule 2002, the Local Rules, or any other similar rules or requirements, are waived, and the type and manner of service of the Notice of Non-Voting Status and Notice of Deemed Rejection provided for by this Order is deemed appropriate and sufficient under the circumstances of these Cases; and it is further

ORDERED that notwithstanding anything that may be to the contrary in the Plan, the Disclosure Statement, or the Confirmation Order, the equipment listed on Exhibit A to the High Fidelity Sale Objection (Docket No. 710) shall not be deemed owned by the Reorganized Debtors on and after the Effective Date, as such equipment is not currently owned by the Debtors; and it is further

ORDERED that the terms and conditions of this Order shall be immediately enforceable and effective upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction with respect to any matters or disputes arising from or related to the Motion, the Disclosure Statement, or the implementation of this Order.

Dated: __Oct 4__, 2010
Wilmington, Delaware

_____
HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE