# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ORLEANS HOMEBUILDERS, INC., *et al.*, | ) | Case No. 10-10684 (PJW) |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |
| ORLEANS HOMEBUILDERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 11-50221 (PJW) |
| | ) | |
| ALFRED BLUH, SHIRLEY BLUH AND BATELLI FAMILY LLC | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019 FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Orleans Homebuilders, Inc. (the "Plaintiff"), by and through its undersigned counsel, hereby moves (the "Motion") the Court for entry of an order approving the Agreement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Orleans Homebuilders, Inc. (4323), Brookshire Estates, L.P. (8725), Community Management Services Group, Inc. (6620), Greenwood Financial Inc. (7510), Masterpiece Homes, LLC (1971), OHB Homes, Inc. (0973), OHI Financing, Inc. (6591), OHI PA GP, LLC (2675), OPCNC, LLC (8853), Orleans Arizona Realty, LLC (9174), Orleans Arizona, Inc. (2640), Orleans at Bordentown, LLC (4968), Orleans at Cooks Bridge, LLC (4185), Orleans at Covington Manor, LLC (9891), Orleans at Crofton Chase, LLC (8809), Orleans at East Greenwich, LLC (9814), Orleans at Elk Township, LLC (6891), Orleans at Evesham, LLC (7244), Orleans at Falls, LP (2735), Orleans at Hamilton, LLC (9679), Orleans at Harrison, LLC (4155), Orleans at Hidden Creek, LLC (3301), Orleans at Jennings Mill, LLC (4693), Orleans at Lambertville, LLC (0615), Orleans at Limerick, LP (7791), Orleans at Lower Salford, LP (9523), Orleans at Lyons Gate, LLC (2857), Orleans at Mansfield LLC (1498), Orleans at Maple Glen LLC (7797), Orleans at Meadow Glen, LLC (4966), Orleans at Millstone River Preserve, LLC (8810), Orleans at Millstone, LLC (8063), Orleans at Moorestown, LLC (9250), Orleans at Tabernacle, LLC (9927), Orleans at Thornbury, L.P. (4291), Orleans at Upper Freehold, LLC (3225), Orleans at Upper Saucon, L.P. (3715), Orleans at Upper Uwchlan, LP (8394), Orleans at Wallkill, LLC (2875), Orleans at West Bradford, LP (4161), Orleans at West Vincent, LP (9557), Orleans at Westampton Woods, LLC (8095), Orleans at Windsor Square, LP (9481), Orleans at Woolwich, LLC (9215), Orleans at Wrightstown, LP (9701), Orleans Construction Corp. (0893), Orleans Corporation (8770), Orleans Corporation Of New Jersey (5325), Orleans DK, LLC (5308), Orleans RHIL, LP (1938), Parker & Lancaster Corporation (1707), Parker & Orleans Homebuilders, Inc. (5269), Parker Lancaster, Tidewater, L.L.C. (7432), Realen Homes, L.P. (8293), RHGP LLC (8197), Sharp Road Farms Inc. (1871), Stock Grange, LP (4027) and Wheatley Meadows Associates (5459).

Settling the Batelli/Bluh Adversary Proceeding Litigation (the "Settlement Agreement"), a copy of which is attached to the proposed order as <u>Exhibit A</u> and is incorporated herein by reference. In further support of the Motion, the Plaintiff respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b) and (e). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this adversary proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On January 27, 2011, the Plaintiff filed the above-referenced adversary proceeding (the "Adversary Proceeding") against Alfred Bluh, Shirley Bluh, and Batelli Family LLC, as successor-in-interest to Batelli Family Limited Partnership #1, LTD. (collectively, the "Batelli/Bluh Defendants" and together with the Plaintiff, the "Parties") alleging breach of contract and seeking turnover to the Debtors' estates pursuant to 11 U.S.C. § 542 of certain sums presently being held by the Batelli/Bluh Defendants.

4. Specifically, Plaintiff sought to compel the return of $200,000.00 and a corporate note in the face amount of $150,000.00 (collectively, the "Deposit") tendered to the Batelli/Bluh Defendants pursuant to the Agreement of Sale, dated August 23, 1999 (as amended, the "Contract"), by and between Plaintiff and the Batelli/Bluh Defendants.

**RELIEF REQUESTED**

5. By this Motion, the Plaintiff seeks the entry of an order approving the Settlement Agreement.

## THE SETTLEMENT AGREEMENT

6. Subject to Court approval, the Parties have agreed to the terms and conditions set forth in the Settlement Agreement, a summary of the key terms being:[2]

(a) The Parties agree that the Contract shall be deemed terminated as of December 17, 2009. The Parties further agree that the Contract was properly terminated for failure of conditions precedent and that no liability exists for breach of the Contract by either Party.

(b) There shall be no ongoing responsibility, liability or obligation of either Party arising from the Contract, the express terms of the Contract notwithstanding.

(c) The Batelli/Bluh Defendants shall, upon the Court's order approving the Settlement Agreement becoming a final non-appealable order, pay to the Plaintiff the sum of one-hundred-twenty-thousand-dollars ($120,000.00). The Batelli/Bluh Defendants shall also return to the Plaintiff the corporate note that was tendered as part of the Deposit. For the avoidance of doubt, the Batelli/Bluh Defendants shall be entitled to retain eighty-thousand-dollars ($80,000.00) from the Deposit.

(d) The Plaintiff shall assign to the Batelli/Bluh Defendants its rights, interest and position, to the extent any such rights, interest and position exist and are transferable under applicable law, in the matter against the Township of Marlboro in the Superior Court of New Jersey, Monmouth County Law Division (Case No. MON-L-5211-09) (the "Rezoning Litigation"), it being expressly understood that the Plaintiff shall not have any ongoing liability, responsibility, or other obligation arising from, or with respect to, the Rezoning Litigation.

---

[2] To the extent that this summary of terms and the Settlement Agreement are inconsistent, the terms and conditions set forth in the Settlement Agreement shall control.

(e) The Plaintiff shall assign and convey to the Batelli/Bluh Defendants, pursuant to Paragraph 28 of the Contract, all of the Plaintiff's surveys, plats, engineering and environmental studies, plans, reports and the like prepared in connection with the real estate project contemplated by the Contract. For the avoidance of doubt, the Plaintiff shall have no ongoing liability, responsibility or other obligation in connection with the seeking of governmental approvals or the preparation of any plans, surveys, reports or plans, the language of Paragraph 28 of the Contract notwithstanding.

(f) The Batelli/Bluh Defendants shall irrevocably and unconditionally waive, surrender, release and forego any and all claims they might now, or in the future, be entitled to assert against the Plaintiff arising from the Contract or the transaction contemplated thereby.

## **BASIS FOR RELIEF REQUESTED**

7. Bankruptcy Rule 9019(a) provides that, on motion by a debtor, the Court may approve a compromise or settlement. Fed. R. Bankr. P. 9019(a). The Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(b). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provision of this title." Providing the Plaintiff with the authority to enter into the Settlement Agreement and approving the Settlement Agreement is beneficial to the Debtors' estates for the reasons specified below. Accordingly, the Plaintiff respectfully requests that the Court authorize the Plaintiff to enter into the Settlement Agreement.

8. In arriving at the Settlement Agreement, the Plaintiff was guided by the factors established by relevant case law regarding the reasonableness of such settlements. These factors include:

(a) the probability of success in the litigation;

(b) the complexity, expense and likely duration of the litigation;

(c) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

(d) whether the proposed compromise is fair and equitable to the Debtor's estate, its creditors, and other parties in interest.

*See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson*, 390 U.S. 414, 424 (1968) ("TMT"); *see also In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'"). Basic to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT*, 390 U.S. at 425. The *TMT* rule does not require the Court to hold a full evidentiary hearing before a compromise can be approved, rather, the Court's obligation is "to canvass the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" 10 Collier on Bankruptcy, ¶ 9019.02 (16th ed.), *quoting In re Drexel Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991).

9. When considering the merits of the Settlement Agreement, the Plaintiff focused on: (i) the benefits that the Settlement Agreement will provide to the Debtors' estates, including the recoupment of a significant amount of capital, which will directly benefit creditors of the Debtors' estates; (ii) the expense the Plaintiff likely would incur in connection with the litigation of the Adversary Proceeding; and (iii) the Plaintiff's likelihood of success on the merits. Accordingly, the Plaintiff is confident that the Settlement Agreement meets the *TMT* and *Martin* standards.

10. Pursuant to the Settlement Agreement, the Plaintiff is resolving the Adversary Proceeding on terms favorable to the Debtors' estates for the benefit of the Debtors' creditors.

Specifically, the Plaintiff is significantly increasing the amount of capital available to the Debtors' estates. This will directly increase the amount of funds available for distribution to various creditors of the Debtors' estates.

11. The Settlement Agreement additionally resolves the Adversary Proceeding. As part of this resolution, the Batelli/Bluh Defendants are agreeing to waive, surrender and forego any and all claims they may be entitled to assert against the Plaintiff arising from the Contract.

12. The Plaintiff has also weighed the costs, risks and delays that likely would accompany any litigation of the Adversary Proceeding. The Plaintiff believes, in light of the known facts, that the identifiable costs, risks and delays that are attendant to this litigation are outweighed by the benefits of the proposed settlement. Therefore, the Plaintiff believes that the resolutions contained in the Settlement Agreement are in the best interests of the Debtors' estates and their creditors.

13. Accordingly, based upon the foregoing, the Court should approve the Settlement Agreement as being in the best interest of the Debtors' estates.

## NO PRIOR REQUEST

14. No prior request for the relief sought in this Motion has been made to the Court in these Chapter 11 cases.

## NOTICE

15. Notice of this Motion has been given to: (i) the United States Trustee; (ii) counsel to the Batelli/Bluh Defendants; and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Plaintiff to enter into the Settlement Agreement, approving the Settlement Agreement, and granting such other and further relief as is just and proper.

Dated: February 17, 2011
       Wilmington, Delaware

BLANK ROME LLP

*/s/ Alan M. Root*
Bonnie Glantz Fatell (No. 3809)
Alan M. Root (No. 5427)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

- and -

CAHILL GORDON & REINDEL LLP

Joel H. Levitin
Kevin J. Burke
Richard A. Stieglitz Jr.
Peter J. Linken
Eighty Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Attorneys for the
Debtors and Debtors-in-Possession*